## HANCOCK v. JORDAN.

1. A cotton gin is not a fixture to the freehold, and therefore will not pass by a grant of lands, on which the gin house is located, to a trustee, for the purpose of being sold to pay the debts of the grantor. Notwithstanding such a grant, the cotton gin remains the property of the grantor, and may be taken by virtue of an execution against him.

Writ of error to the Circuit Court of Madison.

CLAIM to certain property, to wit: thirty bales of cotton and one gin head, interposed by Jordan to a levy, by virtue of a *fi. fa.* at the suit of Hancock against one Moore.

At the trial the claimant gave in evidence a deed from Moore, conveying certain lands and slaves to him, in trust for certain purposes, and proved that the plantation on which the cotton was raised, was the land described in the deed from Moore to him; and, also, that the gin head was on said plantation, at the date of the deed; the gin head was attached to the floor of the gin house, by a brace, and such is the usual mode of fastening. It was proved that Jordan, the trustee had advertised the property for sale, and actually sold it, on the 24th January, 1843, to a person not connected with this suit, and the levy was made before the said sale.

On this proof the Court charged the jury, that if they believed the gin head was attached to the floor of the gin house, as gin heads ordinarily are, then, that it was attached to the freehold, and not liable to the execution. Another question was also raised at the trial, with respect to the time when the affidavit of claim was made, it being after the sale by Jordan, though the claim was made and bond executed before the sale; but this is not relied on by the plaintiff, in his brief. It also appears, by an agreement between the counsel of the parties, that the bill of exceptions, should contain the statement that the proof showed the plantation was cultivated by Jordan, with the slaves conveyed to him by the deed, the year preceding the

Hancock v. Jordan.

sale, and that the ginning establishment had been used for the purposes of the plantation, and for nothing else.

McClung, for the plaintiff in error, contended that the gin head was a mere personal chattel, and therefore did not pass by the conveyance of the plantation. A cider mill, fixed by the owner of the fee, on his lands, for the purpose of his trade, passes to the executor and not to the heir. [3 Atk. 14.] Looking glasses screwed to the wall; even backs of chimneys and a furnace purchased with the house, go to the executor. [1 P. Wms. 94; 2 Strange, 1141.] So with trade fixtures. [2 Vern. 508; 5 B. & A. 625; 1 B. & A. 161; 6 D. & E.] If an article is merely fixed or screwed in a groove, or socket, so that it may be taken out without injury to the groove or socket, it is not on that account a fixture. [2 B. & A. 165; 1 Leach, 201; 2 East. Pl. 590.] So machinery, fixed by bolts and screws to the floor, are not fixtures.

S. Parsons, contra, insisted, that as between vendor and vendee, any thing necessary to the enjoyment of the freehold, of a fixed nature, would pass by the deed. Although as a *trade fixture* it might, between landlord and tenant, be considered as a personal chattel. He cited McDaniel v. Moody, 3 Stewt. 314; Miller v. Plumb, 6 Cowen, 665; Elwes v. Maw, 3 East, 38; Nov. 1844, No. Law Lib. 228, or 2 Sewall on Sheriffs.

GOLDTHWAITE, J.—There is no subject of such unmixed difficulty, at this day, as to determine what is, and what is not, a fixture to the freehold, if reference is had to the older decisions upon the questions connected therewith; or in ascertaining to whom it belongs as between vendor and vendee, heir and executor, landlord and tenant, mortgagor and mortgagee, and debtor and creditor; to say nothing of partition between joint tenants, coparceners, and tenants in common, and the rights of tenants in dower, and by courtesy. The entire subject, in its different ramifications, is examined in Elwes v. Maw, 3 East. 38; Walker v. Sherman, 20 Wendell, 636; and Powell v. Munson and Bromfield Manufacturing Co. 3 Mason, 459; where all the cases, ancient and modern, as well as English and American are cited, and in the New York case

examined and collated. It appears also, that in Fairis v. Walker, 1 Bailey, 540, the highest Court of South Carolina held, in a suit by the vendor of land against his vendee, for the conversion of a cotton gin, that it passed to the latter by the sale and conveyance of the plantation as a fixture. This case is not before us, so that we are unable to ascertain the precise grounds for the decision; but we entertain no doubt that such terms of expression may be used in the conveyance of lands, as would require the construction that such and similar articles should pass by the deed. Thus in Farrar v. Stackpole, 6 Green. 154, it was held that a *mill dam* passed to the vendee, upon the conveyance of a *saw mill;* and in Lushington v. Sewell, 1 Sim. 435, the Vice Chancellor seemed to consider that the devise of a West India plantation, as such, would carry the slaves and stock with it, as being intended by the devisor.

In the present case, the conveyance is an ordinary trust deed, whereby lands, slaves, stock, and farming utensils, are conveyed to a trustee, in trust, to be sold for the purpose of paying debts, &c., and there are no expressions used in the deed to authorize us to suppose the lands were conveyed as a *cotton plantation*, or was to be sold by the trustee, as such; so that no inference can arise as in the case of a grant of a *saw mill* that the *mill dam* passed.

But, in our opinion, the question as to this gin being a fixture, does not arise. In the many inventions which have sprung up in modern times, none are more calculated to require an application of new rules, than all those machines, which, though impelled by a stationary motive power, are themselves portable, and of equal use every where. Of this description are cotton gins, carding machines, power looms, spinning jennies, corn mills, cob and crushing machines, etc., etc. To apply to these articles the same rules which formerly obtained, and which doubtless would obtain now, in relation to stationary grain mills, stationary steam engines, or saw mills, would seem to be absurd. How can we suppose dower in a cotton gin, or a tenancy by courtesy in a cob machine? We think that none of these machines are entitled to be considered as fixtures; but, that in all cases, they are personal chattels, which do not ordinarily pass by a conveyance of the ground on which they stand. Doubtless, the stationary machinery by

which they are impelled, is governed by other rules. See Mc-Daniel v. Moody, 3 Stewart, 314; 3 Mason, 419.

In this view the charge of the Circuit Court cannot be sustained. The judgment is therefore reversed, and the cause remanded.