# Gresham *v.* Taylor.

*Trespass for Injuries to Land.*

1. *Secondary evidence of deed.*— In trespass for injuries to land, which the plaintiff purchased from the defendant, a mortgage of the premises, executed by the plaintiff to the defendant on the same day with the deed, is admissible as secondary evidence of the contents of the deed, on proof of its loss.

2. *When action lies against owner for trespass by animals.* — Trespass lies against the owner of hogs, for injuries committed by them to the lands and crops of another, although he had no notice in fact of their roving and mischievous propensity.

3. *Damages.*— In an action of trespass against the owner of hogs, for injuries done by them to the plaintiff's crops, he cannot be allowed to prove what amount of crop he would have made without the injury; but the damages would be, perhaps, the value of the crops at the time of their destruction, so far as they were destroyed.

[Gresham v. Taylor.]

4. *What are fixtures.* — A gin, gin band, and roller are not fixtures, as between vendor and purchaser. What is a fixture, is sometimes a mixed question of law and fact.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. JAMES Q. SMITH.

WATTS & WATTS, with CLEMENTS & ENOCHS, for appellant.

R. M. WILLIAMSON, *contra.*

B. F. SAFFOLD, J. — The action is trespass for injuries to real property, brought by the appellee against the appellant. The matters particularly complained of are the destruction of the plaintiff's crops ; the digging up of his fruit trees, and removing the hinges of his gates, and carrying them away ; and the taking off of a gin, gin band, and roller.

1. In proof of his title to the premises, the plaintiff introduced a mortgage of the same, executed by him to the defendant, from whom he purchased, as secondary evidence of this deed from the defendant, which was shown to be lost. There was no error in this, because the mortgage, bearing the same date as the deed, was accepted by the defendant, as accurately describing the property. Besides this, parol proof of the contents of the deed was adduced, corroborating the description contained in the mortgage. No objection was taken to the introduction of the parol testimony, and the mortgage was, at least, cumulative evidence.

2. The injury to the crops was done by the defendant's hogs, which, getting into the fields, destroyed them by rooting, treading down, and eating them. This testimony was objected to, as inapplicable to the form of action. Chitty says : " As the propensity of animals *mansuetœ naturœ,* as cows and sheep, to rove, is notorious, the owner is bound at all events to confine them on his own land ; and if they escape, and commit a trespass on the land of another, unless through the defect of fences which the latter ought to repair, the owner is liable to an action for trespass, though he had no notice in fact of such propensity." 1 Chit. Plead. 82, 181.

3. The damages recoverable in this action must be the natural and proximate consequence of the act complained of as injurious. What amount of crop the plaintiff would have made without the injury, is conjectural. In *Burton* v. *Holley* (29 Ala. 318), the loss of the service of mules and laborers, and the cost of their maintenance, were not allowed to be proved, as being too remote. The damage, except where vindictive or exemplary damage may be given, is confined to the actual loss sustained, which, in this case, would be, perhaps, the value

of the crops at the date of their destruction, so far as they were destroyed.

4.· A gin and its band, and the roller, are not fixtures. *Hancock* v. *Jordan*, 7 Ala. 448. Many articles, by improvements in their construction, change their character in this respect. Whether they are fixtures or not, is not always a question of law. At least, the question is so dependent upon facts, as to be determinable as much by the common opinion respecting them, as by any principle of law. The court might well, in very doubtful cases, define as clearly as practicable what the law holds to be a fixture, and leave it to the jury to decide in the particular instance according to the testimony.

The judgment is reversed, and the cause remanded.