# Montgomery Advertiser Co. v. Burke.

*Application for Mandamus to Auditor.*

1. *Publication of general laws in newspaper; compensation of printer.* The statute which provides for the publication of all laws ·of a general and public character, "in a daily and weekly newspaper," and specifies the price to be paid (Code, § 119), contemplates their publication in the

[Montgomery Advertiser Co. v. Burke.]

daily and weekly editions of the paper, at the compensation specified, as a single insertion, and not as a separate insertion in each.

APPEAL from the City Court of Montgomery.

Heard before the Hon. THOS. M. ARRINGTON.

The appellant in this case, a private corporation organized under the general statutes, presented to M. C. Burke, the auditor of public accounts, an account against the State amounting to $1252.50, for printing and publishing in the *Montgomery Advertiser* and the *Weekly Advertiser*, newspapers published in the city of Montgomery, all the laws of a public and general character enacted by the General Assembly at its late session, as furnished to said petitioner by W. D. Brown & Co., the public printers; asking its audit and allowance by him, and an order on the treasurer for the amount. The account, as made out, specified the number of squares in each publication, at 75 cents per square, charging for an insertion in each paper as separate and distinct; and appended to it was the order of W. D. Brown & Co. in favor of the petitioner, and a certificate by C. C. Langdon, as secretary of state, "that the above account is in accordance with section 119 of the Code of 1876." The auditor held that the amount charged was in excess of the price allowed by law, on the ground that a publication in the daily and weekly editions of the paper was but one insertion; and he refused to draw his warrant, except for $626.25, one-half of the amount charged. Thereupon, the appellant presented a petition to the presiding judge of the City Court, asking a *mandamus* to the auditor to compel him to approve the account as presented, and to draw his warrant for the amount in favor of the petitioner, on the treasurer. As to the character of the petitioner's papers, the petition contained these allegations: "On, before and since the 3d day of March, 1887, your petitioner was engaged in the publication of two newspapers in the city of Montgomery, to-wit: the *Montgomery Advertiser*, a daily newspaper, an edition of which is published every day in the week (except Monday), and is what has been and is now known as a daily newspaper; and the *Weekly Advertiser*, an edition of which is published weekly on every Thursday. The said *Montgomery Advertiser* and *Weekly Advertiser* are separate and distinct newspapers, have different rates of subscription, different rates to make different contracts for advertising, and different subscribers. Your petitioner has advertisements which are inserted in one of said newspapers which are not inserted in the other. There must be a specific contract as to which newspaper the advertisement

[Montgomery Advertiser Co. v. Burke.]

shall be inserted in.　The subscription price of the Montgomery Advertiser is $10 per year, and of the Weekly Advertiser $— per year."　It was alleged, also, that the laws were published, " by one insertion, in each of said newspapers."　The presiding judge of the City Court sustained a demurrer to the petition, on the ground that the law regarded the publication in the daily and weekly papers as one insertion ; and his judgment is now assigned as error.

The section of the Code authorizing the publication of the laws in a newspaper is as follows:　" § 119.　*Publication of laws in newspaper.*—The secretary of state is required to furnish to the public printer, for publication in a daily and weekly newspaper, all the laws of a general and public character, and which have effect in every county, and upon all the people of the State, enacted by the General Assembly at each session, within five days after their approval by the governor.　They shall not be inserted more than one time, and the cost for such insertion shall not exceed seventy-five cents per square."

ARRINGTON & GRAHAM, for the appellant.

THOS. N. McCLELLAN, Attorney-General, *contra.*

SOMERVILLE, J.—The court is unanimously of opinion, in this case, that the construction placed by the Auditor on section 119 of the present Code is correct, in reference to the compensation allowed for publication of the laws, as authorized by the General Assembly.　The section requires one insertion only in a daily newspaper, for which there is allowed, by way of compensation to the publisher, not exceeding seventy-five cents per square.　The statute also, in our opinion, contemplates that the proprietor of such daily newspaper shall also be the publisher of a weekly edition, and that the laws shall be reproduced by insertion in such weekly paper without additional compensation.　We can not be ignorant of the fact, known to all other persons, that every weekly edition of a daily newspaper is largely made up of matter first published in the daily edition.　There is nothing unreasonable in the legislative requirement, that advertisements of the public laws should also be reproduced in the weekly edition without additional pay, especially in view of the relatively small cost attending such publication.

The statute under consideration, we may add, has now been in force for more than ten years, and we are not aware that this construction has ever before been disputed, or

that contended for by appellant has ever been sought to be sustained by any one. Admitting the law to be ambiguous in meaning, the construction placed upon it by the Auditor is entitled to great respect. As said by the United States Supreme Court, in a recent case, "the construction given to a statute by those charged with the duty of executing it · · · ought not to be overruled without cogent reasons."—*Brown v. United States*, 113 U. S. 568, 571.

The judge of the City Court so ruled, and the judgment is affirmed.