# Knox & Co. *v.* Parker.

## *Trial of Right of Property.*

(Decided April 21, 1910. 52 South. 438.)

1. *Partnership; Mortgage to Secure Debt of Member; Fraud on
Firm Creditors.*—Where the partnership was solvent, a mortgage
·of firm property to secure a debt of a member thereof is not a fraud
·on the creditors of the firm.

2. *Same; Mortgages; Interest Conveyed.*—A mortgage signed in
the name of the partnership by a member of the firm conveyed all
·such members' right, title, interest and claim in the property, if be-
fore the mortgage was executed the firm turned over and delivered
to him for a valuable consideration all the property covered by the
mortgage.

3. *Lis Pendens; Notice; Nature of Action.*—Where an action against a mortgagor was merely for a moneyed demand, the rights of a mortgagee are not affected under the doctrine of lis pendens by a pendency of such suit at the time the mortgage was given.

APPEAL from Andalusia City Court.

Heard before Hon. B. H. LEWIS.

Trial of the right of property between J. O. Parker, an execution creditor and J. L. Knox & Company, claimant of property levied on, as the transferee of the mortgage. Judgment for execution creditor and claimant appeals. Reversed and remanded.

ALBRITTON & ALBRITTON, for appellant. Counsel discuss the errors assigned and insist that the court erred in giving the affirmative charge, but cite no authority in support of their contention.

CLIVE E. REID, for appellee. The claimant had notice of judgment at the time the mortgage was taken.— *Evans v. Welch,* 63 Ala. 250; 21 A. & E. Enc. of Law, 654. The mortgage was a fraud on the firm's creditors. —*Pritchett v. Pollack,* 82 Ala. 169; *Teague v. Lindsey,* 106 Ala. 266; *Goetter v. Norman,* 107 Ala. 585; *Metcalf v. Arnold,* 132 Ala. 74. It is not shown that the partnership ever ratified or confirmed the mortgage.—*Cannon v. Lindsey,* 25 Ala. 198. The mortgagee only got under the mortgage the ultimate share of the partner executing it, after all the partnership debts were paid.—*Pritchett v. Pollock, supra; Fields v. Brice,* 108 Ala. 632; *Sloan v. Nelson,* 117 Ala. 583.

McCLELLAN, J.—This contest is between appellee, execution creditor of Cowart, Spicer & Co., and the appellant firm, which claims the superior right to the property levied on under a mortgage. The appellee's judgment was rendered March 3, 1908, and on March

14, 1908, execution was issued thereon and placed in the hands of the sheriff, and on April 8, 1908, was levied on the property in question. The mortgage on which claimant relies covered the property levied on, and was executed March 11, 1908, and was filed for record, in the probate office on March 12, 1908. This mortgage was signed in the name of the firm, Cowart, Spicer & Co., "by H. L. Spicer," and recites on its face that it was given, "not to increase but to better secure one given February 23, 1907, for $1,500.00, by H. L. and S. C. Spicer (the former a member of the firm of Cowart, Spicer & Co.) to T. E. Henderson & Co., and transferred to J. L. Knox & Co., June 20, 1907."

The evidence is without dispute that the firm of Cowart, Spicer & Co. was, when the judgment for appellant was rendered, and also when the mortgage to Knox & Co. was given, solvent. And we may add that it cannot be inferred from the mortgage, and there is no evidence otherwise to that effect, that the mortgage to claimant conveyed all of the assets of Cowart, Spicer & Co. The mortgage to claimant was executed before any lien arose from the judgment against defendants in execution. The judgment does not appear to have been recorded.— Acts 1903, pp. 273, 274, § 4. And, as before stated, execution had not then been delivered to the sheriff for enforcement, much less levied.

The case, then, in one phase, is one where property of a solvent firm is mortgaged to secure the debt of a member thereof, and a creditor of the firm attempts, at law, to avoid the mortgage on the ground of fraud, because: First, the firm, though solvent, could not, as against the creditor, devote firm property to the security of an individual debt of a member thereof; second, the mortgagee took the security charged with such notice as lis pendens affords. Neither of these propositions, attempt-

ing to defeat the claimant, can be sustained on the evidence in this record. The first proposition could not be a fraud on the creditor's rights, for the obvious reason that he has not been prejudiced; the debtor being solvent.—30 Cyc. p. 543. If the debtor were solvent, there would of course be no ground to complain.— *Teague v. Lindsey,* 106 Ala. 266, 17 South. 538; *Pritchett v. Pollock,* 82 Ala. 169, 2 South. 735.

The second objection to the validity of the mortgage as against the creditor (appellee) is an appeal to the doctrine of lis pendens. The appellee's suit was, as appears from the judgment, for a money demand. It did not involve such property as comes within the rule for the application of the invoked doctrine.—25 Cyc. pp. 1450, 1451, and notes; 21 Am. & Eng. Ency. Law, p. 630. And when the mortgage was given no lien had attached to the property later levied on.

There is another phase of the case presented by that aspect of the evidence tending to show that, before the mortgage to claimant was executed, Cowart, Spicer & Co., for a valuable consideration, had turned over and delivered to H. L. Spicer the property levied on, and that it was Spicer's individual property. If this testimony be credited, the mortgage to claimant conveyed all the right, title, and interest of H. L. Spicer to the property in question.

The court improperly excluded the power of attorney, given by his associate members of the firm, to H. L. Spicer.

. For the error committed in giving the affirmative charge requested by plaintiff in execution, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.