# Hanvey v. Gaines.

## Bill to Enforce Vendor's Lien.

(Decided April 15, 1913. 61 South. 883.)

1. *Vendor and Purchaser; Lien; Application; Real and Personal Property.*—A vendor's lien is a creature of equity arising upon the conveyance of land to prevent an unconscionable vendee from retaining the land without paying the purchase price, but it has no application to personal property, and does not arise in case of a sale of both real and personal property under a single contract for a gross sum.

2. *Same; Enforcement; Complaint.*—Under a bill alleging the sale of a small parcel of land on which was situated a sawmill, shingle and grist mill, and cotton gin combined which had been operated since 1897, describing the land by metes and bounds, it will be assumed, on demurrer to the bill, that the machinery was so attached as to be a part of the realty, and that hence, the conveyance was solely a conveyance of real property and sufficient to sustain a vendor's lien.

3. *Fixtures; Mill Machinery.*—The mere use of mill machinery in connection with the business of operating a mill does not necessarily so annex the machinery to the realty as to constitute it a fixture, the question depending largely on the intention of the party.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by R. A. Gaines against W. M. Hanvey to fix and enforce a vendor's lien. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

E. O. McCORD, and THOMAS E. ORR, for appellant. The bill was subject to the demurrer interposed, and the court erred in overruling it.—*Suddeth v. Knight,* 14 South. 475, and authorities cited. It appears from the bill that the property therein sought to be fixed with the lien was part personal and part real.—*Parker v. Blount County,* 148 Ala. 275; *Rogers v. Prattville M. Co.,* 81 Ala. 483; *Tillman v. Delacy,* 80 Ala. 103.

HUNT & HUNT, for appellee. Under the bill, and on demurrer thereto, it will be assumed that the property

described was so affixed to the realty as to be a part thereof, and the bill was not subject to the demurrers interposed.—*Rogers v. Prattville M. Co.,* 81 Ala. 483; 2 Devlin on Real Estate, sec. 1192; *Dowling v. McCall,* 124 Ala. 634.

SAYRE, J.—Complainant (appellee) filed his bill to enforce a vendor's lien. It is averred that complainant had in 1910 sold to defendant his mill property, consisting of a small parcel of 1¼ acres of land situated in DeKalb county and described in the bill by metes and bounds. The bill proceeds: "On said lands is situated a saw mill, shingle and grist mill and cotton gin combined, which have been operated since 1897, and said lands are otherwise known as the R. A. Gaines mill property." But whether this language is quoted from the conveyance, which is not made a part of the bill, or whether it is intended by the pleader as his own further description of the subject-matter of the conveyance, is not clear. The consideration of the sale is described as "$1,300 and the conveyance to orator by the said Hanvey of about 3½ acres of land, said $1,300 to be evidenced" by promissory notes payable at fixed dates in the future. The prayer was that a lien be declared upon "said lands," and that they be sold for the satisfaction of the note then past due. Appellant's objection to the chancellor's decree overruling his demurrer is that there was lack of judicial concurrence in his contention that no vendor's lien arose on the facts averred.

The vendor's lien is a creature of equity, brought into being when land is conveyed, for the relief of the vendor against the unconscionable vendee, who would retain the property without paying the price. The court does not so exercise itself for the relief of vendors of personalty. And where there has been a sale of both real and

10—181

personal property, under an entire contract for a gross sum, the parties having failed to separate and distinguish the considerations, the court will not undertake to do so. A debt, to come within the principle upon which equity declares a lien for its security, must be contracted in the purchase of real estate, and it was said in *Betts v. Sykes,* 82 Ala. 381, 2 South. 649, that "no other consideration must, in the slightest degree, enter into it."—*Stringfellow v. Ivie,* 73 Ala. 209. Nothing of this is denied, but question is made about the operation and effect of these principles in the case made by the bill.

More narrowly defined, the question is whether, on the meager facts averred, the property referred to in the bill as "a saw mill, shingle and grist mill and cotton gin combined," must be taken and held to have constituted a part of the consideration on which defendant conveyed the tract of 3½ acres and promised to pay the sum of $1,300, and, if so, then whether any part of the property so referred to must for the purposes of the case be considered as personalty. Whether the bill is artfully drawn, as appellant suggests, or artlessly, in that it makes at best a meager statement of the facts, we cannot know. On demurrer we must construe it most strongly against the pleader, appraising it, however, at its fair value, and without assuming, either to help or hurt complainant's case as stated, the existence of facts of which the bill contains no intimation.

Complainant was not required to set out the deed he made in verbis, though he would have simplified the case had he done so. He might plead it according to its legal effect, and this he has undertaken to do. The purpose of the bill is to have a lien declared on the "land." If the deed which complainant made had described the land in question by metes and bounds, with·

out more, and had been set out in full, there would have been no difficulty about the equity of the bill. The "saw mill, shingle and grist mill and cotton gin combined," either passed as a part of the realty, or they did not pass, because they were personalty, with reference to which the deed (the contract) says nothing. In either case complainant is entitled to a lien on the "land." In the first, there was no personalty to complicate the contract; in the second, there was no contract with respect to personalty.

But if, as appellant seems to assume, and as perhaps we might infer without straining too much, the deed which complainant made, after describing the land by metes and bounds, proceeded to recite that "on said lands is a saw mill, shingle and grist mill and cotton gin combined, which have been operated since 1897, and said lands are otherwise known as the R. A. Gaines mill property," it is not probable that the "saw mill, shingle and grist mill and cotton gin combined," were referred to for the sole purpose of further description of the land upon which they stood. The bare land was sufficiently described by metes and bounds and by its designation as the "R. A. Gaines mill property," and, in the absence of words of bargain and sale in connection with those structures, we have no doubt that the mention of the "saw mill, shingle and grist mill and cotton gin combined," ought to be taken as evincing the common understanding and intention of the parties that they passed with and as part of the land. That the building in which it is reasonable to suppose the machinery has been housed is a part of the freehold there is no occasion to doubt. "With us, mere use in connection with a business does not necessarily so annex machinery to the realty as to constitute it a part of it. Intention is more or less a factor in such inquiries."—*Rogers v.*

*Prattville Mfg. Co.,* 81 Ala. 487, 1 South. 646, 60 Am. Rep. 171. The fair, if not the necessary, intendment of the language of the bill, and of the deed on the hypothesis under which we are just now proceeding, is that the "saw mill, shingle and grist mill and cotton gin combined," which had been upon the 1¼ acres conveyed since 1897, were in some sort attached to the land, and were buildings and things set in place there for the owner's permanent use in connection with the land. Sawmill machinery, shingle machines, and milling machinery, when set in place for permanent use, are generally considered to become parts of the realty.—13 Am. & Eng. Encyc. 664, note 3. A gin head, under our decisions, is not a fixture.—*Hancock v. Jordan,* 7 Ala. 448, 42 Am. Dec. 600; *Gresham v. Taylor,* 51 Ala. 505; *Langston v. State,* 96 Ala. 44, 11 South. 334. But a gin house, the running gear thereof, and a packing screw, are fixtures, and pass with the freehold.—*McDaniel v. Moody,* 3 Stew. 314. In the vernacular of the cotton belt, an assemblage of buildings and machinery where cotton is ginned and packed is called a gin, and where the owner so intends we see no reason why a gin head, or gin proper, should not become a part of the realty to which it is attached. We are not disposed to the notion that there should be a strict construction and application of the technical law of fixtures in order to defeat the vendor's equitable lien. On consideration of the facts presented by complainant's deed and his bill of complaint, we are of opinion that as between him and his vendee the "saw mill, shingle and grist mill and cotton gin combined," are a part of the realty, passed by the deed, and therefore that, however it may appear in the proof to be offered, no reason has as yet appeared why complainant is not entitled to the lien which he asserts, and which equity prima facie implies where

there has been a sale of land and the purchase money remains unpaid. The final result will depend upon the proof. On any proper construction of the bill the demurrer, as for the grounds assigned, was correctly overruled.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.