(112 So. 338)

REMINGTON v. PILCHER. (8 Div. 899.)

Supreme Court of Alabama. April 7, 1927.

1. **Partnership ☞173—Where partnership disabled itself to comply with contract of sale, firm and members thereof were liable in assumpsit for money paid on contract.**

Where partnership disabled itself to comply with its contract of sale of land on which purchaser had made payments, firm and members thereof were liable in assumpsit as for money had and received.

2. **Partnership ☞178—Simple contract creditor of partnership has no lien against partnership assets because of relation of debtor and creditor.**

A simple contract creditor of partnership has no lien against partnership assets merely because of relation of debtor and creditor; parties standing in like positions as individual debtor and creditor.

3. **Partnership ☞180—Partner's right to have partnership assets first applied to partnership debts may, in cases of insolvency, be worked out in interest of creditors.**

Right of partner to have partnership assets first applied to partnership debts, an equitable right treated as partner's lien, may, in cases of insolvency, be worked out in interest of creditors of partnership.

4. **Partnership ☞180—In absence of fraud, partner may surrender right to have partnership assets first applied to partnership debts, by passing partnership property to another, giving no right of complaint to creditors.**

In absence of fraud, one partner may surrender lien or right to have partnership assets first applied to partnership debts by passing partnership property to another, giving no right of complaint to partnership creditors.

5. **Partnership ☞183(3)—Lots conveyed by partnership to member in satisfaction of mortgage held by member remained subject to member's individual liability for firm debts.**

Lots conveyed to R. by agreement between H. and R., members of partnership, in payment of mortgage held by R. in her hands, remained subject to her individual liability for firm debts by appropriate action at law.

6. **Mortgages ☞173—One purchasing lots from partnership could not complain that partnership member had not placed mortgage from partnership to member on record.**

One purchasing property from partnership could not complain that partnership member, to whom partnership had executed mortgage, had not recorded mortgage, since complainant did not bring herself within class of purchasers or judgment creditors protected by recording statute.

7. **Partnership ☞209—Creditor may enjoin partnership's paying debt for which solvent party is primarily liable, whereby assets are placed beyond reach of creditors.**

Partnership creditor may, in equity, restrain collusive and fraudulent movement to pay debt for which solvent party has become primarily liable, whereby partnership's assets are placed beyond reach of creditors, and such creditor may subject partnership assets to creditor's debt, or be subrogated to security held against primary debtor.

8. **Partnership ☞200—Partnership member is proper party to suit to restrain fraudulent movement to put partnership assets beyond reach of creditors.**

Partnership member is proper party to suit by creditor to restrain fraudulent movement to put partnership assets beyond reach of partnership creditors and subject assets to payment of debt.

9. **Equity ☞39(1)—Equity, having jurisdiction in suit against partnership, may do complete justice, rendering personal decree against partners if necessary.**

In suit against partnership, court of equity, having jurisdiction of subject-matter and parties, may do complete justice, rendering personal decree against partners for balance over, if necessary.

10. **Equity ☞232—Bill showing complainant entitled to some relief is not subject to general demurrer for want of equity.**

Where bill in equity shows that complainant is entitled to some relief, it is not subject to general demurrer for want of equity.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Bill in equity by Mrs. W. R. Pilcher against Mrs. L. C. Remington and others. From a decree overruling demurrer to the bill, the named respondent appeals. Affirmed in part, and in part reversed and rendered.

The following are the grounds of demurrer interposed to the bill:

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(1) There is no equity in the bill.

"(2) The bill of complaint shows on its face that the title to the property which the complainant alleges that she bought was in William L. Harriman, and that the deed conveying the title to him was on record, and the complainant had notice thereof when she entered into the contract set out in the complaint.

"(3) The bill of complaint shows on its face that this respondent had á mortgage on the real estate which she afterward acquired, and that this mortgage was on record at the time the alleged contract was made by William L. Harriman with the complainant in this case.

, "(4) The bill of complaint shows on its face that the real estate which this respondent owns was not included in the contract made with the complainant, and that complainant has no lien of any kind against any of said lots belonging to this respondent.

"(5) The prayer of the bill of complaint is that a lien be declared on property belonging to this respondent, but the allegations set out in the bill do not show any facts establishing any lien, and do not show that complainant in this cause has, or is entitled to, any lien upon the property of this respondent."

Andrews, Peach & Almon, of Sheffield, for appellant.

The bill discloses no lien against the property of the appellant. There is no equity in the bill. Pomeroy's Eq. Jur. (3d Ed.) 2468, c. 7; 37 C. J. 306; 32 Century Dig. p. 2658, § 1; Leahart v. Deedmeyer, 158 Ala. 295, 48 So. 371; Mobile B. & L. Ass'n v. Robertson, 65 Ala. 382.

Nathan, Nathan & Nathan, of Sheffield, for appellee.

Where realty is purchased with partnership funds and for partnership purposes, equity regards it as partnership property. Lang v. Waring, 17 Ala. 145. Where title is taken in the name of one partner, a trust is created in favor of the individual members of the firm and partnership creditors. Owens v. Collins, 23 Ala. 837; 27 R. C. L. 450; Hollins v. Brierfield C. & I. Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113. Complainant has an equitable lien against the property held by appellant, and the equity court is the appropriate tribunal for its enforcement. Greil Bros. v. Montgomery, 182 Ala. 291, 62 So. 692, Ann. Cas. 1915D, 738; 10 R. C. L. 345.

BOULDIN, J. The ultimate aim of the bill is to recover purchase money paid by complainant under an executory contract for the purchase of lands; the vendor having disabled himself to execute the contract by a subsequent sale and conveyance to a third person.

The appeal is from a decree overruling demurrer to the bill, interposed by respondent Mrs. L. C. Remington.

So far as now pertinent, the averments of the bill may be summarized thus: Mrs. Remington and Wm. L. Harriman, both nonresidents of Alabama, entered into a partnership for the purpose of buying, platting, and selling suburban property in the Muscle Shoals district. To this end Mrs. Remington furnished $10,000 to purchase acreage property; the title being taken in the name of Harriman, with mortgage back to Mrs. Remington, subject to a purchase-money mortgage to the vendor for an unpaid balance. The property was duly surveyed and platted, and business conducted in the name of De Luxe Land Company. Harriman was managing member, under the title of president.

Certain lots were sold to Mrs. W. R. Pilcher, also a nonresident, an executory contract given, part of the purchase money paid in cash, and deferred installments paid from time to time. Later these same lots were sold and conveyed by deed to J. F. Wallace. Thereafter, by agreement between Harriman and Mrs. Remington, members of the partnership, Harriman sold and conveyed certain other and distinct lots to Mrs. Remington in payment of her $10,000 mortgage, and it was canceled of record.

The bill, among other things, seeks to declare and enforce an equitable lien upon these lots so conveyed to Mrs. Remington in favor of Mrs. Pilcher, and enforce same for the collection of the money due to be refunded. The demurrer challenges the equity of the bill, and especially the alleged lien. The bill proceeds on the theory that, when the partnership disabled itself to comply with its contract of sale to Mrs. Pilcher, this worked a rescission of the contract, and Mrs. Pilcher elects to claim a refund of the purchase money.

[1] Under the facts alleged, the firm and the members thereof are liable in assumpsit as for money had and received. Chandler v. Wilder, 215 Ala. 209, 110 So. 306.

[2] A simple contract creditor of a partnership has no lien against partnership assets merely because of the relation of debtor and creditor. The parties stand in like positions as individual debtor and creditor.

[3] The right of a partner to have partnership assets first applied to partnership debts, an equitable right treated as a partner's lien, may in cases of insolvency be worked out in the interest of creditors of the partnership. Their right is derivative.

[4] In the absence of fraud, one partner may surrender this lien by passing partnership property to another, giving no right of complaint to partnership creditors. Knox v. Parker, 167 Ala. 647, 52 So. 438; 1 Rawley on Partnership, §§ 526, 527; 2 Lindsey on Partnership, §§ 654, 655; Fitzpatrick v. Flannagan, 106 U. S. 648, 1 S. Ct. 369, 27 L. Ed. 211.

[5] The bill makes no case of fraud in the conveyance of lots to Mrs. Remington in satisfaction of her mortgage. The partnership interest in these lots was merely the

equity subject to her mortgage. It is not averred they were not conveyed for a fair price. This released the other property of the firm from her mortgage, and in her hands these lots remained subject to her individual liability for firm debts by appropriate action at law.

For all that appears, complainant was placed in no worse position by the sale of these lots. The right to charge assets fraudulently conveyed as held in trust for existing creditors of the grantor cannot be made the basis of the lien asserted on the lots of Mrs. Remington.

[6] That Mrs. Remington had not placed her mortgage on record when complainant purchased her lots does not affect the situation. Complainant does not bring herself within the class of purchasers or judgment creditors protected by the recording statutes. As to lots sold to Mrs. Pilcher in the course of partnership business, the business for which it was organized, no doubt Mrs. Pilcher would be protected against Mrs. Remington's mortgage, recorded or unrecorded. Being a party to the sale as a member of the partnership, she released her mortgage on lots sold, and was remitted to her claim on the purchase money under the articles of copartnership. But the lots here involved were other and different lots, to which Mrs. Pilcher had no contractual relation. There is no averment that the mortgage was collusively withheld from the record while the property was fraudulently held out as a basis of credit.

No theory of the bill supports the claim of an equitable lien upon the lots conveyed to Mrs. Remington. The court erred in overruling the demurrer addressed to this feature of the bill. It does not follow that the bill is subject to the general demurrer for want of equity; that Mrs. Remington is entitled to have the bill dismissed as to her. This brings to view other features of the bill and Mrs. Remington's relation thereto.

It is averred that Harriman sold and conveyed one-half interest in a portion of the partnership property to respondent J. F. Compton, in consideration that Compton assume the payment of one-half the mortgage of Mrs. Remington and the superior mortgage held by respondent W. S. Spencer; that thereupon Compton joined Harriman in conveying the lots to Mrs. Remington in satisfaction of her mortgage; but that Compton defaulted upon his agreement to pay the Spencer mortgage, and that Spencer and Compton have entered into a collusive agreement to foreclose Spencer's mortgage on Harriman's interest in the property, and thus dispose of the Harriman interest in the property in fraud of Mrs. Pilcher, an existing creditor. The bill seeks to restrain the foreclosure sale.

[7-9] The bill does not show any dissolution of the partnership between Mrs. Remington and Harriman, or parting with Mrs. Remington's equity in the partnership assets held in the name of Harriman. If, as alleged, there is a collusive and fraudulent movement to put the partnership assets beyond the reach of partnership creditors, applying them to the payment of the debt for which a solvent party has become primarily liable, Mrs. Pilcher has standing in equity to restrain such devise and subject the partnership assets to her debt, or be subrogated to the security held against the primary debtor. Mrs. Remington, as a member of the partnership, is a proper party to such bill. Having jurisdiction of the subject-matter and the parties, a court of equity may do complete justice, rendering a personal decree against respondent partners for a balance over, if need be.

[10] The latter feature of the bill may be subject to special demurrer, but not the general demurrer for want of equity. Dixie Grain Co. v. Quinn, 181 Ala. 208, 61 So. 886; McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 So. 567.

A decree will be here rendered sustaining grounds of demurrer Nos. 2, 4, and 5.

Ground No. 3 misconstrues the bill in respect to the time Mrs. Remington's mortgage was recorded.

As to grounds of demurrer Nos. 1 and 3, the decree is affirmed.

Affirmed in part, and in part reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.