155 So. 556

## HUDDLESTON v. FULLER.
### 5 Div. 177.

Supreme Court of Alabama.
June 21, 1934.

D. T. Ware, of Roanoke, for appellee.

H. T. Burns, of Wedowee, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

76

FOSTER, Justice.

The bill in this suit was filed in equity to enforce a vendor's lien. Complainant was the vendor, and took notes for deferred purchase-money payments. The notes were assigned to Farmers' & Merchants' Bank of Lineville as collateral security for a debt. Such transfer passed the lien and the right to enforce it. Section 9236, Code.

The evidence shows that the debt to the bank was due and still unpaid, and that the bank president returned to complainant the notes with authority to collect them for the bank. The proceeds of the collection are to be under the arrangement paid to the bank as the collateral holder.

The rules prescribing necessary parties at law and in equity are not the same. Section 5699, Code, does not apply to equity. Chattanooga Savs. Bank v. Crawford, 206 Ala. 531, 91 So. 316; Moore v. Pope, 97 Ala. 462, 11 So. 840.

Ordinarily, after a note has been assigned as collateral, the assignee is the beneficial owner and alone may sue at law. A. T. & I. Co. v. Knox, 115 Ala. 567, 21 So. 495; Oden-Elliott Lbr. Co. v. Butler County Bank, 213 Ala. 84, 104 So. 3.

But the payee of negotiable paper, when the legal title only is controlling, has been held to have a right to sue at law in his own name when the note has been returned to him by the collateral holder for that purpose. Berney v. Steiner, 108 Ala. 111, 19 So. 806, 54 Am. St. Rep. 144. But in equity all persons who are legally or beneficially interested in the subject-matter of the suit are necessary parties. Winn v. Fitzwater, 151 Ala. 171, 179, 44 So. 97; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Perkins v. Brierfield Iron & Coal Co., 77 Ala. 403.

The subject-matter of this suit is a vendor's lien on land subject to a prior mortgage. The first mortgagee is not interested.

Ordinarily, in a suit such as this, the collateral assignor and assignee both have a legal or equitable interest in the subject-matter and are both necessary parties. Plowman v. Riddle, 14 Ala. 169, 48 Am. Dec. 92; Broughton v. Mitchell, 64 Ala. 210; Lawson v. Ala. Warehouse Co., 73 Ala. 289; U. S. F. & G. Co. v. First National Bank, 224 Ala. 375, 140 So. 755.

The fact that such assignee has returned the notes to the assignor for collection as his agent or for his benefit does not lessen his interest nor change the beneficial rights of the parties, so that thereafter, as before such return of the notes, they both have a legal or beneficial interest in the subject-matter, and are necessary parties.

The pleadings do not show that the bank is a collateral holder. But it is shown by the evidence and the point is made by appellant in brief, and was considered by the trial judge. When the evidence shows that a necessary party is omitted, the court should not proceed to decree until the omission is cured, and either permit an amendment or dismiss the suit without prejudice if complainant refuses to cure the defect. Goodman v. Benham, 16 Ala. 625; Prout v. Hoge, 57 Ala. 28; Hodge v. Joy, 207 Ala. 198 (24, 25, 26), 92 So. 171.

We think the court erred in decreeing relief without the presence of the collateral holder as a party to the suit.

The deed of the property on which the lien is sought describes it by the government numbers, and embraces a forty and a half of another forty, "together with gin and gristmill and all fixtures appertaining thereto." Alabama has gone along with other states in holding that when real and personal property are sold at the same time for a gross consideration, and it is not apparent what part of the price was that of the realty, and what that of the personalty, there is such a blending and mixing of consideration as to destroy any vendor's lien which is usually created in equity when realty is sold on a credit. Stringfellow v. Ivie, 73 Ala. 209; Wilkinson v. Parmer, 82 Ala. 367, 3 So. 4; Alexander v. Hooks, 84 Ala. 605, 4 So. 417.

But when machinery is so attached to the land and used in connection with it as to manifest an intention that it shall be a fixture, it thereby becomes a part of the realty, and passes with a sale of the land to which it is so attached. The sale is one of realty, though it includes the fixtures treated as any other portion of the land. Under such circumstances the vendor's lien is not waived, but extends also to that which was attached to the land as a fixture. Hanvey v. Gaines, 181 Ala. 288, 61 So. 883; Faulkner v. Fowler, 201 Ala. 685, 79 So. 257.

An assemblage of buildings and machinery where cotton is ginned and packed, and another outfit where corn is ground and sacked, are respectively called a gin and gristmill. Hanvey v. Gaines, supra. The deed includes a gin and gristmill and all fixtures pertaining to them. There was also a sawmill on it in the same connection, though not mentioned in the deed. If such machinery is

attached to the realty in such way as to import permanency, and if the proper inference is that they were intended to remain as a fixture, they are within the last rule above stated. The court so held, and we think correctly. The description in the decree granting relief follows that in the deed.

The evidence showed that the primary power was falling water from a dam. When that failed, a Fordson tractor was used. The tractor was firmly embedded in the ground at a proper position so that a belt connection was all that was needed to put it into physical service. It had not been moved from that position or used otherwise since it was so located. The cotton gin, gristmill, and water power had been located there thirty years or more, and the sawmill about fifteen years. The gin and gristmill machinery were inclosed in a building, set up as they usually are. The sawmill was under a shed between the millhouse and ginhouse. It was fastened to pillars set in the ground. It was an old-time water mill, gin and sawmill, and evidently erected, used, and sold by the various owners all as a part of the land, and intended to remain on it as fixtures.

But we think the decree is due to be reversed and remanded so that complainant may make the Farmers' & Merchants' Bank of Lineville, collateral assignee, a party to the suit, either complainant, if it consents, or respondent, if it does not. Sections 5701 and 6645, Code.

Reversed and remanded.

GARDNER, THOMAS, and BOULDIN, JJ., concur.

George A. Sossaman and V. R. Jansen, both of Mobile, for petitioner.

Gordon, Edington & Leigh, of Mobile, for respondent.