162 So. 107

### HUDDLESTON v. FULLER et al.

### 5 Div. 197.

Supreme Court of Alabama.
May 30, 1935.

H. T. Burns, of Wedowee, and Rutherford Lapsley, of Anniston, for appellant.

D. T. Ware, of Roanoke, for appellees.

FOSTER, Justice.

This suit was here on former appeal. 229 Ala. 74, 155 So. 556. The bill was afterward amended by adding the Farmers' & Merchants' Bank of Lineville as a party complainant. The issues then framed were substantially the same as when we considered it on that appeal. There was additional testimony chiefly to the effect that after the sale to appellant he moved the sawmill and Fordson tractor to other locations and that such was suggested by appellees as an inducement to the sale. But the physical facts were as stated in the former opinion. It is referred to for further detail.

The deed to complainant described the property as set forth in that opinion. It did not mention the sawmill nor tractor, which appellant claims are personal property included in the purchase, and which the price of $1,500, named in the deed, embraced. The argument is that because this was personalty there is no vendor's lien, as we pointed out before. But we wish to add emphasis to the fact that appellant claims this property as having passed by the deed. It can only be included in it upon the idea that it was a fixture to the land and so understood. The notes describe the property as did the deed, and so does the final decree. None of them mention the sawmill or tractor. Yet appellant claims them by virtue of the deed which only describes

land, the gin, and gristmill, together with fixtures pertaining thereto.

If the property was all land and fixtures so as to pass by a deed so describing it, it was all land for the purpose of fixing a vendor's lien. Moreover, the conditions which we described in the former opinion show that such was the fact, and its various uses afterwards, and removed by the purchaser from the location and surroundings then existing, add nothing to the question of whether it was a fixture when sold and conveyed.

The decree so adjudged, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.