163 So. 629

**SOUTHERN COTTON OIL CO. v. LOWERY et al.**

**4 Div. 829.**

Supreme Court of Alabama.

Oct. 17, 1935.

Ball & Ball, of Montgomery, and Carmichael & Tiller, of Geneva, for appellant.

E. C. Boswell, of Geneva, for appellees.

**FOSTER, Justice.**

This is an action of detinue by appellees, J. B. Lowery and his son, Griffin Lowery, as partners. It was tried by the judge without a jury. The property sued for is made up of portions of a sawmill and a gin outfit.

Appellee J. B. Lowery and wife executed a mortgage to appellant in 1929 on a certain described lot of land, containing this clause: "Being the lot or parcel of land on which the sawmill, gin and one dwelling are situated, known as Lowery property, and includes all property situated thereon." The mortgage was foreclosed before suit and the foreclosure deed, also to appellant, does not contain the quoted portion of the description.

There are two theories urged to support the judgment for appellees. The one most relied upon, as we judge from the brief, is that the property sued for was not conveyed by the mortgage because they were not fixtures and not included in the description of that embraced in the mortgage and foreclosure deed.

The evidence showed without dispute that the gin was established on the lot in 1907 by J. B. Lowery and his father. They operated it continuously, in season, until the father sold his interest to his grandson, Griffin Lowery, son of J. B. Lowery. The exact date of that sale does not seem clearly to appear. J. B. Lowery and son Griffin continued to operate it until the mortgage was foreclosed and Griffin delivered the property all as a unit, including the sawmill, to appellant. J. B. Lowery and son erected the sawmill in 1926, and operated it, not continuously, until it was delivered to appellant. Both the gin outfit and sawmill were located on the lot owned by J. B. Lowery, individually. We infer that the mortgage was given to secure a loan then made to J. B. Lowery and advances thereafter, for the benefit of the partnership.

The primary question is whether property sued for was so affixed to the realty as to be a fixture passing with the lot, or was included otherwise in the terms of the description. The judgment for the plaintiff was for the sawmill carriage, balance wheel and mandrel, steam feed, haul up rig, three water pumps, one line shaft, one cut off saw, all parts of the sawmill; one double press, one condenser, electric lighting outfit, drive belt, parts of the gin outfit.

The evidence without dispute showed that each item was a part of the sawmill or gin outfit, and necessary or convenient to its efficient operation, and was in place and so used when the mortgage was made and when it was foreclosed, and was delivered to appellant as the purchaser by Griffin Lowery. They were all set up in a house adapted to that purpose, in a way which indicated an intent that each such outfit should be a permanent structure. Each item was so attached to some part of the building or to some other appliance so attached as its uses and make-up contemplated. Some were nailed or bolted to the floor or sleepers or joists or walls. All were placed and fastened to secure its purpose.

The theory of appellee is that such fastenings could be pulled or broken, and each such machine or appliance removed without injury to the building, and was therefore movable, and did not pass with the foreclosure deed, which did not include anything but the lot, and that which was a part of it.

The question of whether appliances are fixtures is controlled by three considerations: "(1) Actual annexation to the realty or to something appurtenant thereto; (2) appropriateness to the use or purposes of that part of the realty with which it is connected; (3) the intention of the party making the annexation of

making permanent attachment to the freehold." Langston v. State, 96 Ala. 44, 11 So. 334, 335. "Valves screwed to iron pipes which are arranged around the inside of a building and attached to the building by staples, and used in a manufacturing business, are part of the freehold." Langston v. State, supra.

It is perfectly clear that the sawmill and gin outfit were intended to be permanent. That is not now denied, and all its features which appellees conceive to have been so affixed as not to be movable without injury to the building are impliedly admitted to be fixtures.

■ But the appliances sued for were actually annexed to the realty or to something appurtenant to it, and were appropriate to the use of such appurtenance, and were intended as permanent annexations to them. The gin outfit and sawmill are separate units of industry. They are each made up of various items necessary and convenient for their operation, respectively. All of the various items of each need not be so affixed as that its removal would injure the realty. If it is affixed to, or is a part of the outfit to which it belongs in such manner as its use contemplates, and is an important part of the outfit, and the intention that the outfit shall be a permanent fixture is shown, it is then as much a fixture as the other portions. Authorities are abundant, among them, Humes v. Higman, 145 Ala. 215, 220, 40 So. 128; Hanvey v. Gaines, 181 Ala. 288, 61 So. 883; Huddleston v. Fuller, 229 Ala. 74, 155 So. 556; Id., 230 Ala. 435, 162 So. 107; McDaniel v. Moody, 3 Stew. 314; Jenkins v. Floyd, 199 N. C. 470, 154 S. E. 733, 70 A. L. R. 1125, note, page 1128; Fehr Const. Co. v. Postl System of Health, 288 Ill. 634, 642, 124 N. E. 315, 318, Ann. Cas. 1912B, 27.

■ Although this court has held that a gin head and its band and the roller are not fixtures (Hancock v. Jordan, 7 Ala. 448, 42 Am. Dec. 600), it is said in later cases to depend upon the circumstances as expressive of the intention of the parties (Gresham v. Taylor, 51 Ala. 505; Hanvey v. Gaines, supra), and that the intention that it be a fixture is proper when the article is necessary and used as part of the outfit and all dependent upon each other for its efficient operation (Humes v. Higman, supra). We think it clearly appears that such is the status of the property involved in this suit, and that it passed by the mortgage and foreclosure deed to the extent that the elder Lowery could effectually so convey it.

Moreover, the mortgage otherwise sufficiently describes the property whether a fixture or not. That is sufficient to protect defendant in its possession without a foreclosure.

■ It is also urged that as a mortgage executed by one partner conveying partnership property to secure his individual debt, without the consent of his copartner, it is void. The right of one partner to deal with partnership effects to pay or secure his individual debt is dealt with by us in Wade v. Brantley, etc., Const. Co., 161 So. 101. When a partner so acts without the consent of his copartner, the transaction is not void, but the nonconsenting partner has an equitable right to have such property applied to partnership purposes, Goldsmith v. Eichold, 94 Ala. 116, 10 So. 80, 33 Am. St. Rep. 97; Remington v. Pilcher, 216 Ala. 58, 112 So. 338, said also to be available in equitable actions at law, Burwell v. Springfield, 15 Ala. 273. And such a mortgagee takes subject to all the equities of the nonassenting partner, 47 Corpus Juris 858, note 76, and partnership creditors on the principles discussed in Wade v. Brantley, etc., Const. Co., supra.

■ Whatever may be the rights of such nonassenting partner, or of the partnership, in an action by the partners when the legal title is controlling, as in this suit, we think it is clear that Griffin Lowery, the son of J. B. Lowery who owned the land and executed the mortgage, is not in position to claim that he did not assent, if in fact he did not so expressly do. He knew of what was going on, in the negotiation of the loan and execution of the mortgage, and aided in making the transaction. He is not in the attitude of a nonassenting partner, and his conduct in connection with it precludes a recovery at the suit of himself and J. B. Lowery as the sole partners.

We think that appellees are not due to have a judgment for the property. The judgment of the circuit court is reversed

and one is here rendered in favor of appellant.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.