CASE 69—PETITION EQUITY—OCTOBER 1.

# Keith, &c., vs. Wolf, &c.

*APPEAL FROM KENTON CIRCUIT COURT.*

1.  "For and in consideration of five thousand dollars in the stock of said company, and the further sum of two thousand five hundred dollars in bonds of the said company, by the party of the second part to the party of the first part, in hand paid, the receipt whereof is hereby acknowledged"—*Held*—

    That the above recitals, in a conveyance of real estate to a railroad company, *did not reserve a lien*.

    That the stock and the bonds, which were ten-year bonds, with interest coupons attached, were investments and vendible commodities, and that they were received *as payments*.

2.  To give a constructive lien in favor of the grantor of real estate, the statute contemplates and requires such a recital as will clearly notify creditors and subsequent purchasers that the consideration, or a portion of it, and exactly what portion, remains unpaid.

STEVENSON & MYERS,　　　　　　　　　　For Appellants,

CITED—

*Revised Statutes, sec. 26, chap. 80, 2 Stanton, 230.*

2 *Bush,* 208 ; *Maupin, &c., vs. McCormick, &c.*

3 *Bush,* 670 ; *Ricketts vs. Lambert.*

*Section 11, Charter of Cov. & Lex. R. R. Co.,* 1847.

1 *Amer. Railway Cases,* 352.

17 *Conn. Rep.,* 40 ; *Enfield Bridge Co. vs. Hartford & N. R. R. Co.*

2 *Amer. Railway Cases,* 83, 527.

2 *B. & Ald.,* 548.

21 *Vermont Rep.,* 594 ; 3 *Paige,* 45.

18 *B. Mon.,* 448 ; *Phillips, &c., vs. Winslow.*

3 *Bush,* 650 ; *Applegate, &c., vs. Ernst.*

Keith, &c., vs. Wolf, &c.

23 *Bevan*, 290 ; *Wood vs. Charing.*

5 *B. Mon.*, 1 ; *Winchester & Lexington Turnpike Road Co. vs. Vimont.*

CARLISLE & O'HARA,

For Appellees Wolf and J. and B. Bruce,
CITED—

*Revised Statutes*, sec. 26, chap. 80.

4 *Bush*, 637 ; *Beyland vs. Sewell, &c.*

18 *B. Mon.*, 448 ; *Phillips vs. Winslow.*

M. M. BENTON,                    For Appellee Sage,
CITED—

7 *Monroe*, 117.

5 *J. J. Mar.*, 144 ; *Trebble vs. Oldham.*

4 *Kent*, 155–6 ; 2 *Story's Equity*, secs. 1224–25.

17 *B. Mon.*, 650 ; 1 *Met.*, 563 ; 3 *Met.*, 252.

2 *Bush*, 90 ; *Long vs. Burke.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the 22d of October, 1857, the Western Baptist Institute sold eight lots in Covington, Ky., to the Covington and Lexington Railroad Company, for five thousand dollars in stock in the road, and two thousand five hundred dollars in the company's bonds.

In this suit holders of the bonds, asserting a statutory lien as resulting from the recital in the deed, showing, as they claim, that a certain portion of the consideration was unpaid, sought and have obtained a decree for the sale of so much of the lots as may be necessary for paying their bonds.

The lots were purchased as an useful appurtenance to the road, and are occupied and used in subservience to its operations; and the title of the purchaser has been transferred to a new corporation, now called the "*Central.*"

The recital relied on as securing a lien is in the following words: "For and in consideration of five thousand dollars in the stock of said company, and the further sum of two thousand five hundred dollars in the bonds of the said company, by the party of the second part to the party of the first part, *in hand paid*, the receipt whereof is hereby acknowledged."

To give a constructive lien, the statute contemplates and requires such a recital as will clearly notify creditors and subsequent purchasers that the consideration, or a portion of it, and *exactly what portion*, remains unpaid.

The recital in this case does not show that any portion of the consideration, nor if any, precisely how much, was unpaid. The stock, being an investment and a vendible commodity, was indisputably a payment of five thousand dollars; and why should not the company's printed bonds, payable in ten years, with interest coupons attached, be equally considered an investment and a vendible commodity. Why are they not as much so as the five-twenty bonds of the United States? The only difference between them is, that one is issued by a political and the other by a civil corporation, and they are all used for the same current purposes.

Surely the recital as to these company bonds could not give certain notice that they had not been, like the stock, accepted as payment. On the contrary, both their character and the letter of the recital import payment. And if needful, this construction is fortified by the intrinsic incredibility that the company, in such a contract, would guaranty its bonds by an extraordinary encumbrance, which might embarrass its road and disturb public convenience.

There being, as we adjudge, no lien, we shall not consider the unnecessary question, whether an express lien on a fragment of the corporate entirety would be enforceable by civil remedy.

Judgment reversed, and cause remanded for a proper judgment, conformable with the foregoing opinion.