# Wilkinson *v.* Parmer.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien; contract for sale of real and personal property at gross price; parol evidence as to consideration of note.*—When real and personal property are sold together at a gross price, not distinguishing the separate value or price of either, there is no vendor's lien on the land; and though the note taken for the credit payment recites that it was given for part of the purchase-money of the land, parol evidence is admissible to show that personal property also was included.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 3d July, 1885, by W. W. Wilkinson, against S. E. Parmer and others; and sought to enforce an alleged vendor's lien for the unpaid purchase-money of land, as evidenced by a promissory note, which was made an exhibit to the bill. The note was payable on the 1st November, 1884, to W. D. Newman, by whom it was transferred by written assignment to the complainant; and it recited on its face that it was given for value received, "being part of the purchase-money for the following lots of land," describing then. On final hearing, on pleadings and proof, the chancellor dismissed the bill, on the ground, as stated in his opinion, that the contract of sale embraced both real and personal property at a gross price; and his decree is now assigned as error.

WATTS & SON, and STALLINGS & WILKINSON, for appellant.

GAMBLE & RICHARDSON, *contra.*

SOMERVILLE, J.—This case is not, in our judgment, distinguishable from that of *Stringfellow v. Ivie*, 73 Ala. 209; and the decree of the chancellor must be affirmed, on the authority of that case. The land described in the bill, and certain described personal property, were sold together, by one contract, at a gross price, and without stating the separ-

ate value or price either of the land, or of the personal property; and this was a waiver of the vendor's lien, indicating an intention to rely solely on the personal responsibility of the vendee. See, also, *Robinson v. Lehman*, 72 Ala. 401; *Russell v. McCormick*, 45 Ala. 587.

The same case is an authority for the admission of parol evidence, to show what was the true consideration of the note in suit, the recital that it was given for land not being conclusive.

Affirmed.