# Walton *et al.* v. Young *et al.*

*Bill in Equity to Foreclose Vendor's Lien.*

(Decided February 13, 1902.)

1. *Vendor's lien; when not retained; conveyance by one person to another upon consideration moving from a third.*—Where persons interested in the maintenance of a school by W. at a certain place, agreed to buy and convey to him certain school property, in consideration of a covenant on his part to maintain a high grade school there for five years, and with condition that the property should revert to the purchasers on W.'s failure to maintain said school for said period; and where, in order to avoid costs, delay and inconvenience of making many conveyances (the purchasers being

[Walton *et al.* v. Young *et al.*]

quite numerous), after the consummation of the sale, the owners of the property, at the request of the purchasers, made the deed directly to W., inserting therein the purposes for which it was made and the condition attending it, as well as that the purchase-money was to be paid by said purchasers. *Held*: That the vendors, being fully cognizant of the contract between the purchasers and W. and parties to it, cannot enforce a vendor's lien upon said land for unpaid purchase money.

2. *Same; not enforceable where conveyance is made in consideration of notes.*—Where a conveyance is made in consideration of the note of the purchaser, as distinguished from so much money evidenced by the note, the note is considered as a substitute for or in novation of the purchase price, and no vendor's lien arises.

APPEAL from Lamar Chancery Court.

Heard before Hon. W. H. SIMPSON.

The bill was filed by W. A. Young and T. J. Young against John M. Walton, T. L. Crew and others, and sought to foreclose a vendor's lien. The opinion sufficiently states the facts. From a decree granting the relief prayed, defendants appeal.

NESMITH & NESMITH and GEO. A. EVANS, for appellants, cited *Hubbard v. Buck*, 98 Ala. 440; *Jackson v. Stanley*, 87 Ala. 270; *Kyle v. Bellinger*, 79 Ala. 520; *Stringfellow v. Ivie*, 73 Ala. 214; *Sherer v. Agee*, 106 Ala. 139; *Carrol v. Shepperd*, 78 Ala. 358; 81 Ala. 500; 57 Ala. 560; 94 Ala. 592; *Gardner v. Knight*, 27 So. Rep. 298; 79 Ala. 516; 74 Ala. 108; 70 Ala. 172.

W. A. YOUNG, for appellees, cited *McLean v. Smith*, 108 Ala. 533; *Crompton v. Prince*, 83 Ala. 246; *Pylant v. Reeves*, 53 Ala. 132; *Chastain v. Haines*, 27 So. Rep. 501; *Wilkinson v. May*, 69 Ala. 33; *Davis v. Smith*, 88 Ala. 598; *Carver v. Eads*, 65 Ala. 190; *Thompson v. Shepperd*, 85 Ala. 611; *Wood v. Kelly*, 85 Ala. 368.

McCLELLAN, C. J.—Complainants in respect of their claim of a vendor's lien stand upon the same footing as if they had conveyed the land to the persons who purchased for the purpose of reconveying it to Walton, and

such persons had reconveyed it to Walton, instead of the vendors having, as the fact is, conveyed directly to Walton at the request and direction of the purchasers. The consideration for the proposed reconveyance by the purchasers to Walton was not to be a money consideration at all, but a covenant upon Walton's part to maintain a high grade school on the property for a term of five years for the education of white boys and girls, the purchasers being persons who were interested in the maintenance of such school by Walton at that place and the conveyance being necessary to induce him to forego an opportunity he then had to acquire school property upon like covenant at another place. The purpose was to secure the performance of this undertaking on the part of Walton by embracing in the deed to be made to him by the purchasers from the Youngs a condition to the effect that if he failed to maintain such school for the time stipulated, the property should revert to said purchasers. The purchasers were quite numerous, and doubtless many of them had wives whose signatures to the proposed deed would have been necessary; and it was to avoid the delay and inconvenience and expense of securing the execution of such deed by all the necessary parties, that, after the consummation of the sale by the Youngs to Crew, Stanford and others, the purchasers, the latter requested and had the vendors to make the deed directly to Walton, inserting therein the purposes for which it was made and the condition just referred to. It is obvious that it was never in contemplation of any of the parties that Walton under any circumstances was to pay any money for the property. It is equally clear that it was in the contemplation of both the vendors and the vendees that the land should be his absolutely unless he failed to perform his undertaking to maintain the school on it for the specified period, and this whether the purchasers paid for it or not. The purpose for which Crew and others bought it and for which the Youngs sold it could not be effectuated otherwise. The consideration which he was to render and for which he was to have the premises in fee had no connection with the consideration which Crew and others, the purchasers, were to

pay to complainants, and, rendering his consideration, his title in nowise depended upon the payment of the money which the purchasers agreed to pay the vendors. And the complainants were not only cognizant of the contract between the purchasers and Walton but were in fact parties to it, in the senses that they sold the land to Crew and the others for the express purpose of passing the title into Walton upon a consideration moving from him which involved no payment of money by him under any circumstances, and acting for Crew and his associates, actually conveyed the land directly to Walton by a deed reciting the non-money consideration. The transaction is wholly inconsistent with the retention of a vendor's lien by the Youngs. Its nature rebuts the *prima facie* presumption of such retention; and upon these considerations alone we might rest our conclusion that no lien was retained or now exists, as was held in the analogous case of *Hubbard v. Buck,* 98 Ala. 440. But there is another very potent circumstance which goes not only to fortify that conclusion, but which in and of itself, unexplained, demonstrates that no lien was intended to be retained to secure the amounts which the purchasers severally agreed to pay. It is this: The deed recites the consideration moving to the vendors upon which it is executed as follows: "Know all men by these presents that we W. A. Young and wife, M. C. Young, and T. J. Young, grantors, for and in consideration of the promissory note on parties and amounts hereinafter named, payable to W. A. Young, which notes are as follows: note of T. L. Crew for $50 due Nov. 15th, 1895, note of T. L. Crew for $200 due Nov. 15th, 1896, note of W. T. Stanford for $41.66 due Nov. 15th, 1895," and so on, thus setting out and describing twenty-five or thirty notes of divers parties, and continuing with a recital of the facts hereinabove referred to as to the reasons for making the conveyance to Walton and the conditions imposed upon him, etc., and proceeding: "and in consideration of the premises [the recitals as to Walton] and the promissory notes above named, we do hereby grant, bargain, sell and convey unto the said Prof. J. M. Walton the following real estate," etc. Now it is plain from the foregoing that the consideration for the deed mov-

ing to complainants was not money to be paid but the promissory notes executed by Crew and others which had been already delivered to the complainants in satisfaction of the price of the land. It is not recited in the deed that it is made in consideration of so much money *evidenced* by said promissory notes, but the recital is that the consideration for the conveyance is the particular promissory notes described. It is just as if the recited consideration and the consideration in fact had been a horse or other chattel which had been received in payment for the land. After the notes had been signed and delivered to complainants and they had executed the deed there was no purchase money due for the land. The notes had fully paid the consideration and thereafter complainants had no standing in any court as *vendors* to recover the price of the land, but their only rights and remedies were as the payees of these promissory notes, and as such no other than they would have had, had the notes been for the price of chattels, for money loaned or what not. It is not the case of a vendee executing to his vendor a promissory note to evidence or secure the payment of the price of the land, but it is the case of the note of the purchaser being taken as a substitute for or in novation of the purchase price, so that while there is a liability on the note, *"no debt for the price"* exists, and, of course, no lien for purchase money arises.—*Mackreth v. Simmons,* 1 L. Cas. Eq., 466-70; *Keith v. Wolf,* 5 Bush (Ky.) 646; *Dixon v. Gayfere,* 21 Beavan, 118; *Buckland v. Pocknell,* 13 Sim. Eng. Ch., 406; *Parrott v. Sweetland,* 3 Mylne & K. 655; 3 Pom. Eq. Jur., § 1252; 28 Am. & Eng. Ency. Law, p. 179.

The decree below, must, therefore, be reversed; and a decree will be here enrolled denying relief and dismissing the bill.

Reversed and rendered.