(80 South. 826)

BRANNAN et al. v. ADAMS.    (1 Div. 49.)

(Supreme Court of Alabama.   Feb. 13, 1919.)

1. VENDOR AND PURCHASER ☞289—VENDOR'S LIEN—RIGHT OF REDEMPTION.

Under Code 1907, § 5746, providing for redemption of real estate from judicial sale under execution, decree in chancery, deed of trust, or power of sale in a ·mortgage, the purchaser may redeem from sale upon foreclosure of a vendor's lien.

2. VENDOR AND PURCHASER ☞246—VENDOR'S LIEN—NATURE.

A conveyance in which a vendor reserved his lien operates as an equitable mortgage, and is generically a mortgage.

3. VENDOR AND PURCHASER ☞289—VENDOR'S LIEN—REDEMPTION—TENDER.

Under Code 1907, § 5748, as amended by Acts 1911, p. 391, providing that any one entitled to redeem from judicial sale may file his bill in equity, without tender, if he has made written demand of the purchaser, a demand upon the purchaser's vendee was sufficient, without demand upon assignee of purchaser's lien reserved upon sale to such vendee.

4. PLEADING ☞205(3)—DEFECTS OF FORM—GENERAL DEMURRER.

A defect in a bill for redemption of land sold under a vendor's lien, wherein it fails to offer to pay the purchase money and all lawful charges, is in form and not of substance, and will not be considered on a general demurrer.

McClellan, J., dissenting.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by Elsie B. Adams against Thomas H. Brannan and John P. McKay for redemption from sale under vendor's lien, and for a reference to ascertain the amount necessary to effect the redemption. Decree overruling the demurrers to the bill, and respondents appeal. Affirmed.

Case made by the bill is: That W. B. McCoy and wife conveyed to David M. Lombard by warranty deed two lots in the city of Mobile, for a consideration of $300, $150

of which was paid at the time, and the other $150 was to be paid in one year, with interest at the legal rate; the vendor reserving a lien for the unpaid purchase money in the deed. That McCoy and wife transferred their vendor's lien by deed of conveyance to Alice Hudoff, and this deed was recorded in the probate office. The date of the deed from McCoy to Lombard was April 12, 1916, and the date of the deed transferring the vendor's lien from McCoy to Hudoff was April 17, 1916.

On November 12, 1917, Alice Hudoff foreclosed said vendor's lien under the power contained in the deed from McCoy to Lombard, and bought in the property at the sale for recited consideration of $203.15. Hudoff conveyed to Thomas H. Brannan by statutory warranty for a consideration of $204.70 all right, title, and interest in the property. Brannan paid $54.70 in cash, and Hudoff reserved the lien for $150, balance of purchase money, which lien she transferred by deed recorded to John P. McKay. Prior to. the foreclosure of the vendor's lien reserved by McCoy in his deed to Lombard, which foreclosure was made by Hudoff, Lombard and wife executed to oratrix a mortgage on said property for the sum of $75, evidenced by promissory note payable six months after date. All the papers herein referred to are made exhibits to the bill. Oratrix avers that on December 18, 1917, she made written demand upon Brannan for a statement of the mortgage debt and all the lawful charges claimed by him, and that Brannan ignored her demand and has failed and refused to furnish said statement. The demurrers are: No equity in the bill, and that it does not appear that complainant has any right to redeem.

Sullivan & Stallworth, of Mobile, for appellants.

William Cowley, of Mobile, for appellee.

SAYRE, J. Elsie B. Adams filed this bill against Thomas H. Brannan and John P. McKay, seeking to redeem under the statute certain lots in the city of Mobile as against the foreclosure of a vendor's lien, expressly reserved, with a power of sale, in a deed from W. B. McCoy to David M. Lombard. McCoy, according to the bill, had transferred his lien to Alice Hudoff, and she had purchased at her own foreclosure sale. She then conveyed the land to Brannan, reserving a vendor's lien for a part of the consideration upon which that conveyance was made, and afterwards transferred her lien to McKay. In the meantime—that is, prior to the foreclosure aforesaid —Lombard mortgaged the lots to complainant. The demurrer of defendants to the bill was overruled, whereupon they appealed.

[1] Section 5746 of the Code provides that—

"Where real estate, or any interest therein, is sold under execution, or by virtue of any decree in chancery, or under any deed of trust, or power of sale in a mortgage, the same may be redeemed," etc.

And the main question raised by the appeal is whether on the facts stated complainant has a right to redeem by virtue of the statutory provision, supra, for redemption in case of a sale under a power of sale in a mortgage. At first the right to redeem was conferred upon the debtor only (Code of 1852, § 2116), and in that respect this court long pursued the policy of strict construction. Appellant quotes at some length from Powers v. Andrews, 84 Ala. 289, 4 South. 263, and Commercial Association v. Parker, 84 Ala. 298, 4 South. 268, where that policy and the reason for it are stated. During that time the "right to redeem" was held to be "a mere personal privilege." But the Legislature has from time to time adopted an increasingly liberal policy, until now the right of redemption, as defined by the statute (section 5746), falls within the common definition of property, as the right to possess, use, enjoy, and to sell or otherwise dispose of a thing according to the will of the owner, without diminution or control, save only by the law of the land. 32 Cyc. 677. The right is an interest in property, descendible as other property rights, and transferable either before or after foreclosure. But this change in the nature of the right of redemption touches upon the question at hand in the most remote way only, and has been referred to as indicating the fact that the old cases hardly furnish a guide to the right construction of the statute with respect to the question stated above.

[2] The statute provides for redemption in cases in which real estate is sold under a "power of sale in a mortgage." The conveyance in which the vendor reserved his lien operated as a mortgage, an equitable mortgage, but generically a mortgage nevertheless. Hall v. Mobile & Montgomery Rwy. Co., 58 Ala. 10. In the case just cited the court, per Manning, J., with evident approval, quoted Jones on Mortgages as follows:

"A lien for the purchase money, expressly reserved by the vendor in his deed of conveyance, is a lien created by *contract, not by implication of law.* It is a contract that the land shall be burdened with a lien until the note is. paid. It is really a mortgage. The lien then becomes a matter of record when the deed is recorded. It is not waived by the taking of other security, as is the case with an ordinary vendor's lien. *It is governed by the same rules that a mortgage is.* It passes by an assignment of the note secured by it. It is foreclosed as a mortgage; and there is the same right of redemption for a limited period after the foreclosure sale."

In Priddy v. Smith, 106 Ark. 79, 152 S. W. 1028, 44 L. R. A. (N. S.) 285, the Supreme

Court of Arkansas held that a statute in terms similar to ours did not extend the right of redemption to sales made in the enforcement of vendors' contract liens. However, the editorial note under that case in the cited publication states that—

"In jurisdictions where a vendor's lien expressly reserved in a deed of conveyance is equivalent to a purchase-money mortgage, it is held that the purchaser has a right to redeem from a foreclosure."

Upon due consideration of the principle involved and of the language held by this court in Hall v. Mobile & Montgomery Rwy. Co., supra, our judgment is that the contract lien reserved in this case is to all intents and purposes a mortgage, and must be treated as within the purview of that provision of the statute which confers the right of redemption where real estate is sold under a power of sale in a mortgage.

[3] It is urged in the next place that complainant's bill, filed without a tender, contained no equity, for the reason that it failed to aver notice to the defendant John P. McKay, as provided by section 5748 of the Code as amended by the act of April 13, 1911. Acts 1911, p. 391. The amended section of the Code provides, in brief, that any one entitled to redeem may file his bill in equity without a tender, if he has made written demand of the purchaser, or, if the real estate has been sold, then of the purchaser or his vendee, for a statement, etc. Demand upon Thomas H. Brannan was averred. Brannan, not McKay, as will appear from our statement of the bill, was the vendee of the purchaser, within the meaning of the amendatory statute, and a demand upon him was enough to authorize the filing of the bill without a tender. McKay was entitled only to his lien which was secure in any event. The statute does not appear to contemplate that a mere lienholder in his situation should be required to furnish a statement of improvements, taxes, etc.

[4] Finally, it is said that complainant makes no offer in her bill to pay the purchase money and all lawful charges. From the bill as a whole it appears that complainant sought an opportunity to redeem by paying the amount due to defendants. The defect in the bill is a defect of form, not of substance, and will not be considered on a demurrer merely general, as was the demurrer filed by defendants. McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur in the result, and in the opinion, except that they do not hold the right to redeem to be a property right.

McCLELLAN, J., dissents.