(87 South. 325)

### REAGAN v. REAGAN. (5 Div. 763.)

(Supreme Court of Alabama. Nov. 25, 1920.)

Vendor and purchaser ⬩266(6)—Recital in deed as to execution of notes held not to operate as waiver of vendor's lien.

Recital in deed that purchaser had paid for the land by giving seven notes due on a specified date and each year thereafter did not operate as a waiver of the vendor's lien on the theory that the notes were given as a substitute for the debt, and not as evidence thereof, or security therefor.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Bill by Lena Reagan against J. L. Reagan to enforce a vendor's lien. Decree for complainant, and respondent appeals. Affirmed.

The allegations of the bill are that the complainant was the owner of certain lands, and that she gave Onslow Reagan power of attorney to sell said lands, that he sold the same to J. L. Reagan for the sum of $1,736, executed deed to him, and put him in possession of the same and in payment thereof J. L. Reagan executed to Onslow Reagan, agent, seven promissory notes, due respectively November 15, 1911, 1912, 1913, 1914, 1915, 1916, 1917; that the notes so given were the property of the plaintiff, and were executed to said Onslow Reagan as her agent. Answering the bill, the respondent sets out the notes and the execution of the deed, and says that at the time of the transaction involving the subject-matter thereof it was understood and agreed between respondent and complainant's attorney in fact and agent that the notes given by respondent, as stated in her bill, as to the fact of giving the same, were to operate and to have the effect in toto, to all intents and purposes relative thereto, as the payment for the said land, and were to supersede, supplant, waive, and destroy the lien or any lien thereon by reason of the said transaction for the said land, which fact was and is written in or on the face of said deed to and for the respondent as the consideration for the said land, which is shown by the same to the effect stated, and this respondent pleads in bar to the bill pertaining to the lien, or any lien on any part of the land.

W. R. Whatley, of Alexander City, for appellant.

Among the many insistences for error made by appellant as to the construction of deeds, evidence to vary writings, and other matters not treated in the opinion, appellant insists that the payment by notes constitutes a waiver of the lien. 132 Ala. 150, 31 South. 448; 80 Ala. 486, 2 South. 518; 5 Bush (Ky.) 646; 3 M. & K. 655. The word "consideration" signifies a term of contract, and hence the writing alone can be examined. Wigmore on Evidence, § 2433.

S. J. Darby and J. Sanford Mullins, both of Alexander City, for appellee.

There is but one question in this case, and that is whether or not the vendor's lien was waived. Our insistence is that it was not waived. In support thereof we cite the following: 56 Ala. 126; 58 Ala. 667; 65 Ala. 190; 70 Ala. 347; 108 Ala. 535, 19 South. 41; 128 Ala. 569, 30 South. 540, 86 Am. St. Rep. 159.

ANDERSON, C. J. The main contention of the appellant in this case is that the recital in the deed from the appellee, by her attorney in fact, to the appellant J. L. Reagan, to wit, "Paid by giving seven notes due November 15, 1911, and each year thereafter" operated as a waiver of the vendor's lien upon the theory that it shows a novation, that is, that the notes were not given as evidence of or security for the debt, but as a substitute, under the authority of Walton v. Young, 132 Ala. 150, 31 South. 448. This recital was, at most, an acknowledgment of the payment or satisfaction of the purchase price of the land, and was not conclusive upon the vendor that the lien did not exist or was waived, and could do no more than place the burden upon this complainant of showing that the lien had not been waived. This court has repeatedly held that the formal acknowledgment in a deed of the payment or receipt of the consideration for the conveyance does not conclude the grantor or those holding under him, if in fact the purchase price remains unpaid. Cook v. Atkins, 173 Ala. 363, 56 South. 224; Bankhead v. Owen, 60 Ala. 457; Wilkinson v. May, 69 Ala. 33. The notes in question recite that they are given for the purchase price of the land, and show that they are evidence or security for the debt, rather than a mere substitute or novation of same, and evidenced the intention of the parties to retain the vendor's lien. In addition to the recitals in the notes, there was evidence which could have well satisfied the trial court, who saw and heard the witnesses, that it was the purpose and intention of the parties to retain the lien for the purchase money.

---

The case of Walton v. Young, 132 Ala. 150, 31 South. 448, in no sense conflicts with this holding, as it dealt with notes of third persons accepted as the consideration for the purchase of the land, just as a horse or any other chattel, and there was in fact no debt contracted from the vendee to the vendor. Nor does that case hold that such a recital as we have in the present deed would operate as a waiver of the lien, or that it would be conclusive if such was the effect of same.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.