(114 So. 223)
## MANCILL et al. v. THOMAS et al.
### (3 Div. 800.)

Supreme Court of Alabama. Oct. 20, 1927.

1. **Appeal and error** ⊜⟿323(1)—Where appeal from judgment in suit to establish vendor's lien was taken in name and on behalf of all parties complainant having reason to complain; there was no occasion to bring in complainants, under statute (Code 1923, § 6143).

Where appeal from decree in suit to establish vendor's lien on land was taken in name and on behalf of all parties complainant who alone had reason to complain of decree, there was no occasion to bring in all complainants to the decree, as provided by Code 1923, § 6143.

2. **Appeal and error** ⊜⟿377—That only one appellant signed security for costs was not ground for dismissing appeal.

That only one of appellants signed security for costs was not ground for dismissing appeal, since all statute requires is security and that bond, with register's approval, be furnished.

3. **Vendor and purchaser** ⊜⟿246—Existence of debt for purchase money is necessary to vendor's lien.

Existence of a debt for purchase money is necessary to vendor's lien.

4. **Vendor and purchaser** ⊜⟿246—Vendor's lien is not an interest in property, but right to charge it with unpaid purchase money.

A vendor's lien is not an interest in land, but a right to charge it with unpaid purchase money, and has foundation in broad principle of equity that it is unconscientious to allow one who gets estate of another to keep it without paying consideration.

5. **Executors and administrators** ⊜⟿43—Legal title to personal assets is in personal representative of decedent, and his title and right of possession are exclusive, and, generally, he is only party entitled to sue for them.

Legal title to personal assets is in personal representative of decedent, and his title and right of possession is exclusive in law, and, as general rule, he is only party entitled to sue for them; interest of distributees being equitable only.

6. **Executors and administrators** ⊜⟿86(1)—Where administration is unnecessary, or decedent's personal property is gone, without administration, where it rightfully belongs, naked legal title will not prevail in equity.

When not needed for administration, or when an administration is wholly unnecessary, or decedent's personal property has gone, without administration, where it rightfully belongs and would go in due course of administration, naked legal title will not prevail in equity.

7. **Executors and administrators** ⊜⟿49—Vendor's lien, being chose in action, goes to executor or administrator.

Vendor's lien for unpaid purchase money, being chose in action, goes to executor or administrator, and not to widow or heirs as such.

8. **Appeal and error** ⊜⟿174—Question whether bill for vendor's lien should have been exhibited by deceased vendor's representative will be considered, though objection was not made in trial court.

Question whether bill by widow and heirs to establish vendor's lien on land should have been exhibited by personal representative of deceased vendor, presented in brief, will be considered on appeal, although no specific objection to bill was taken in trial court.

9. **Descent and distribution** ⊜⟿90(1)—Where vendor had died intestate, leaving no debts, and there had been no administration, widow and heirs could bring suit to establish vendor's lien.

Where vendor had died intestate, and there were no debts, and there had been no administration on estate, widow and heirs of vendor could bring suit to establish vendor's lien on land; it being unnecessary that bill be brought by personal representative of decedent.

10. **Vendor and purchaser** ⊜⟿254(4)—Vendor may have lien to extent of value of land to be conveyed to him in exchange, but which he failed to get, or to extent of incumbrances, if there was representation that there were none.

Vendor may have lien to extent of agreed value of land to be conveyed to him in exchange, but which he failed to get, or to extent of incumbrances, if there was warranty against incumbrances or representation that there were none.

11. **Equity** ⊜⟿66—Complainants, seeking to establish vendor's lien, must do equity.

Complainants, filing bill in equity to establish vendor's lien on land, will be required to do equity as condition of relief.

---

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Descent and distribution ⬤⇒90(4)—Bill by widow and heirs of vendor to establish vendor's lien on property exchanged held not demurrable.**

Bill by widow and heirs at law of deceased vendor to establish vendor's lien for purchase money on property sold and conveyed by him in exchange for property located in another state, deed for which was void as not complying with laws of state where executed, and alleging that land exchanged was affected by mortgages aggregating more than its total value, although defendants had represented that it was free from incumbrances, *held* good as against demurrer.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Bill in equity by Charlotte J. Mancill and others against J. A. Thomas and others to establish a vendor's lien on land. From a decree sustaining a demurrer to the bill, complainants appeal. Reversed and remanded.

Hybart, Hare & Dickey, of Evergreen, for appellants.

Counsel discuss the questions raised and treated, but without citing authorities.

Hamilton & Jones, of Evergreen, for appellees.

Appellants could not maintain this suit; it would be necessary to have a personal representative appointed. Moore v. Alexander, 81 Ala. 509, 8 So. 199. This question may be raised for the first time on appeal. Prout v. Hoge, 57 Ala. 28; Carwile v. Crump, 165 Ala. 206, 51 So. 744. When an appeal is taken by only one of the parties against whom a decree has been rendered, it is necessary that summons issue against such others; and, if such summons is not issued, the appeal will be dismissed. Code 1923, § 6143; Sherrod v. McGruder, 209 Ala. 260, 96 So. 78; L. & N. v. Shikle, 206 Ala. 494, 90 So. 900. The deed to J. E. Mancill to the Florida property was a good contract to convey, and in equity passed all beneficial ownership to the grantee. Margarum v. Christie, 37 Fla. 165, 19 So. 637; Ward v. German-American L. Co., 62 Fla. 582, 56 So. 565. It would be necessary for complainants to call on respondents to correct the deed or offer to reconvey the Florida lands to respondents. Alger-Sullivan L. Co. v. Union Trust Co., 209 Ala. 432, 96 So. 436; Stephenson v. Allison, 123 Ala. 439, 26 So. 290; Royal v. Goss, 154 Ala. 117, 45 So. 231; Samples v. Guyer, 120 Ala. 611, 24 So. 942. A court of equity will not entertain a bill of this kind, when the complainant has entered into possession under a warranty deed. Fields v. Clayton, 117 Ala. 538, 23 So. 530, 67 Am. St. Rep. 189; Randall v. Bourgarez, 23 Fla. 264, 2 So. 310, 11 Am. St. Rep. 379.

SAYRE, J. [1, 2] Appellees' suggestion that the appeal should be dismissed for failure to bring in all parties to the decree, as required by section 6143 of the Code, requires no extended discussion. Appellees cite Sherrod v. McGruder, 209 Ala. 260, 96 So. 78. There are some trifling inaccuracies in the proceedings for an appeal as they appear in the transcript of the record, but it appears beyond question that the appeal is taken in the name and on behalf of all the parties complainant who alone have reason to complain of the decree, and hence that there was and is no occasion to bring in complainants as provided by the statute. The argument appears to be based upon the fact that one, only, of the appellants signed the security for costs. But that is of no consequence; all the statute requires is security and that the bond in this case, with the register's approval, be furnished. ·Mayfield v. County Commissioners, 148 Ala. 548, 41 So. 932.

[3-9] The bill is prosecuted by the widow and heirs at law of the deceased vendor to fasten a lien for purchase money on the property (land) sold and conveyed by him. The existence of a debt for purchase money is necessary to such a lien. Walton v. Young, 132 Ala. 154, 31 So. 448. In this state the lien is not an interest in the land, but a right to charge it with unpaid purchase money. Woodall v. Kelly, 85 Ala. 368, 5 So. 164, 7 Am. St. Rep. 57. And in our better cases it is said to have its foundation in the broad principle of equity that it is unconscientious to allow one who gets the estate of another to keep it without paying the consideration. Pylant v. Reeves, 53 Ala. 132, 25 Am. Rep. 605. The legal title to personal assets is in the personal representative, and his title and right of possession is exclusive in law, and, as a general rule, he is the only party entitled to sue for them. The interest of the distributees is equitable only. Wood v. Cosby, 76 Ala. 557. When not needed for administration, or when an administration is wholly unnecessary, or decedent's personal property has gone, without administration, where it rightfully belongs and would go in the due course of administration, the naked legal title will not prevail in equity, Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225. The vendor's lien for unpaid purchase money, being a chose in action, goes to the executor or administrator, and not to the widow or heirs as such. 1 Woerner's Am. Law of Adm'r (2d Ed.) marginal page 596. And in the absence of a showing that no administration is necessary, it would seem that the bill in this case should have been exhibited by the personal representative. This specific objection to the bill was not taken in the trial court, but is now urged in brief and should be sustained, if well grounded in the law. Prout v. Hoge, 57 Ala. 32; Carwile v. Crump, 165 Ala. 208, 51 So. 744. It is, however, sufficiently answered by

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the averments of the bill that J. E. Mancill died intestate, and that:

"There are no debts due and owing by the estate of the said J. E. Mancill, deceased [vendor], and there has been no administration thereon." Fretwell v. McLemore, 52 Ala. 124.

[10] It may be well to note also that there is in the matter of the vendor's lien nothing to distinguish an exchange of lands from a sale, or to deny to the vendor a lien to the extent of the value of the land to be conveyed to him—agreed value in this case—but which he failed to get, or to the extent of incumbrances, if there was warranty against incumbrances or representations that there were none. Bradley v. Bosley, 1 Barb. Ch. (N. Y.) 125, cited with approval in Burns v. Taylor, 23 Ala. 269.

[11] The land sold by complainants' husband and ancestor, upon which complainants would fasten a lien, is located in this state; the land which he agreed to take in part payment of the selling price is located in Florida. The allegation is that the deed to the Florida land was executed in accordance with the law of Alabama, not the law of Florida, and was ineffectual as a conveyance of title, and "is void as a conveyance of real estate." Moreover, the Florida land was affected by two mortgages aggregating more than its total value, and this notwithstanding the proprietors of the Florida land (defendants) had represented that it was free of incumbrance. These mortgages are averred to have been executed by one Nored and his wife prior to the date of the exchange of lands averred in the bill. Complainants in their bill submit themselves to the jurisdiction of the court "and offer to do whatever the court may consider necessary to be done on their part toward making the decree which they seek just and equitable with regard to the respondents in this cause." The deeds by which it was sought to effect the exchange were executed in February, 1913. The bill in this cause was filed in June, 1919. The brief for appellees suggests that at least the deed to the Florida land is good as a contract to convey—which is doubtless true—and that, for aught appearing, complainants may be in possession of the land, and that, so long as they hold possession under the contract of sale, they will not be heard to claim a vendor's lien for the agreed price of the land. This suggestion is based upon a correct conception of equitable principle, but there need be no departure from such principle in the case presented by the bill. Complainants will be required to do equity as a condition of relief. Blackburn v. McLaughlin, 202 Ala. 435, 80 So. 818, and cases cited at the bottom of page 436 (80 So. 820).

[12] The decree sustaining the appellees' demurrer to the bill is reversed; the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.