(117 So. 679)

**GARGIS et al. v. FORE et al.** **(8 Div. 980.)**

Supreme Court of Alabama. June 28, 1928.

Williams & Chenault, of Russellville, for appellants.

Kirk & Rather, of Tuscumbia, and H. H. Hamilton, of Russellville, for appellees.

BOULDIN, J. The bill is filed to cancel two deeds to real estate as clouds upon the title of complainants. The theory of the bill is that the initial deed is void because of insanity of the grantor. It is further attacked upon the ground it was never delivered to the grantees. The second deed was made by the grantees in the former deed, and is assailed for want of title in the grantors except as to an interest acquired by inheritance.

There was no submission upon demurrers to the amended bill, and no decree thereon. The submission for final decree upon the bill, answers, and testimony, followed by final decree upon the merits, will be treated as a waiver of the demurrer.

Although the bill showed no possession in complainants, it was sufficient to confer jurisdiction. The decree was conclusive on the merits and will be here so reviewed. Smith v. Roney, 182 Ala. 540, 62 So. 753; Penny v. Mortgage Co., 132 Ala. 357, 31 So. 96.

Whether the purchasers from the vendee of the alleged insane grantor are entitled to protection under Code, § 6822, was not litigated and will not be considered. Touching this statute, we merely cite Alexander v. Livingston, 206 Ala. 186, 89 So. 520; Thomas v. Holden, 191 Ala. 143, 67 So. 992; Mitchell v. Baldwin, 154 Ala. 346, 45 So. 715.

In 1911, Thos. E. Fore owned and occupied as his home a tract of land containing 120 acres, of which about 30 acres were in cultivation. The other portion was timbered lands. His wife had died in 1900. Three daughters, then living, and one son, had married and set up homes of their own. Two younger unmarried daughters, Abigail and Sallie, remained with him. On September 15, 1911, he executed a deed conveying the place to these two daughters upon a recited consideration of $600 with covenants of warranty. He continued to live with these daughters upon the land until shortly before his death in June, 1918. The bill was filed in April, 1925, by Cora Gargis, one of his daughters, on her

104

own behalf and as next friend of Earl Gargis, a minor son of a deceased daughter.

■ The chief issue of fact relates to the insanity vel non of Thomas E. Fore at the time the deed was executed to his daughters. Many witnesses were examined by the respective parties. The evidence has been fully and carefully considered. We reach the conclusion that complainants have not met the burden of proof on this issue. The evidence does not reasonably satisfy the court that the grantor's mind was so impaired by disease, age, or both, as to render him mentally incapable of intelligently understanding the transaction and expressing his own mind and purpose in the form of a conveyance.

A full review of the evidence will serve no good purpose. A few outstanding features will be mentioned.

Mr. Fore was then getting old, had reached his seventy-seventh year, had recently had one or more "smothering spells," the result of heart trouble from hardening of the arteries. His nephew, J. W. McCollum, whose evidence we see no reason to disbelieve, testifies he informed witness beforehand that he had a notion to make a deed to his two youngest daughters, and thereafter informed him he had done so in order that they might not be left without a home. Other evidence and the circumstances point to this as the reason prompting the making of the deed. The deed bespeaks the result of natural and rational action on his part, and not of insanity. He went some two miles to a justice of the peace and there signed and acknowledged the deed, was accompanied or carried by Ed. Fore, his son, who had recently married and left the home of his father, and two sisters. The other sisters had full knowledge of the execution of the deed during all or most of the seven years their father was living. Nearly seven years elapsed after his death before this bill was filed. Meantime Sallie, one of the grantees, had married, and both had removed from the place some years before the bill was filed. During the father's lifetime, and all the years thereafter, the grantees were in possession claiming under their deed, and receiving rents therefrom. Other members of the family rented the land from them and paid the rents without question.

The weight of the evidence is that Ed. Fore and others of the family referred Reeves Bros. to these grantees as the owners of the property, that they bought it in good faith paying $3,000 cash, and received a conveyance therefor. This bill was promptly filed thereafter. The disinterested neighbors for the most part, and the associates of Mr. Fore in the Masonic Lodge attended by him, with one accord, testify to his sanity for two or three years after the execution of the deed. The lodge records give verity to the dates these witnesses were associated with him. This evidence is not overcome by the evidence for complainants, directed largely to his general feebleness and growing disposition to wander from home and get lost in the neighborhood. This tendency developed, as a continuing symptom at least, long after the execution of the deed. We will not pursue the matter further.

■ The evidence, eliminating the direct testimony of the grantees and their sister Lizzie, as incompetent under the statute, is quite sufficient on the question of delivery of the deed. Expressive on its face of a present purpose to convey, the grantor's statements to the effect that he had made the deed, possession of the land thereunder during his lifetime, the possession of the deed by the grantees after his death, the recognition of it as an operative conveyance by members of the family, all point one way. Delivery is provable by circumstances of this character. Farr v. Chambless, 175 Ala. 659, 57 So. 458; Fitzpatrick v. Brigman, 130 Ala. 450, 30 So. 500; Arrington v. Arrington, 122 Ala. 510, 26 So. 152; Napier v. Elliott, 177 Ala. 113, 58 So. 435; McLure v. Colclough, 17 Ala. 89.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.