144 So. 31

### KING et al. v. CITY NAT. BANK OF PADUCAH, KY.

8 Div. 344.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 10, 1932.

Kirk & Rather, of Tuscumbia, for appellee.

Travis Williams, of Russellville, for appellants.

GARDNER, J.

The bill is by the City National Bank of Paducah, Ky., to foreclose a vendor's lien on a large body of land located in Colbert county in this state. These timber lands were formerly owned by the A. B. Smith Lumber Company, a partnership composed of A. B. Smith and his wife, E. K. Smith, and sold in May, 1924, to M. P. Haynes, doing business as the Haynes Lumber Company. The deed recited the retention of a vendor's lien for the purchase price, and the purchase-money notes contained similar recitals. The purchase price was in round numbers $90,000, and the purchase notes were transferred and assigned to the complainant, City National Bank, by the A. B. Smith Lumber Company, which was largely indebted to the bank. This deed, however, was never recorded, and it appears that the A. B. Smith Lumber Company was also indebted to the King Lumber Company, a partnership composed of C. H. King, Fain W. King, and Roscoe Reed, which latter company in the early part of 1927 sued out an attachment against the Smith Lumber Com-

pany, levied upon these lands in Colbert county, recovered a judgment, and had the lands sold, becoming the purchaser at said sale, and sheriff's deed was duly executed.

The members of the firm of King Lumber Company insist therefore they are innocent purchasers for value and hold the superior title on that account. But the bill alleges and complainant's proof tends to show the firm of King Lumber Company had notice of the sale by A. B. Smith Lumber Company to M. P. Haynes, and cannot defeat complainant's lien upon any theory of innocent purchasers.

There is presented therefore an issue of fact upon which much testimony has been offered by the respective parties, and a detailed discussion of which would here serve no useful purpose. A general outline will suffice, and, as a background for consideration of the proof, it may be noted that the members of the firm of King Lumber Company were well acquainted with A. B. Smith, who also had his home at that time at Paducah, and who was at one time a partner in the said King Lumber Company, that in fact the debt of nearly $4,000 for which the land was attached and sold was for reimbursement of funds paid by the King Lumber Company to the City National Bank as security for A. B. Smith, and that the King Lumber Company had purchased and gotten timber from lands in this same territory, but ceased operation in August, 1924.

■ It appears without dispute that upon the delivery of the deed to Haynes he went into possession, assessed the land for taxes, and paid the same, located two sawmills on it, cut timber, manufactured it into lumber which he shipped to various markets, built houses thereon, and, indeed, such proof of actual extensive and exclusive possession as would doubtless suffice as constructive notice of ownership. Christopher v. Curtis-Attalla Lumber Co., 175 Ala. 484, 57 So. 837; Gerald v. Hayes, 205 Ala. 105, 87 So. 351.

■ And the fact that in the deed the grantor reserved the mineral rights would not affect the matter of notice by adverse possession of the surface of the land and the timber thereon. Hooper v. Bankhead & Bankhead, 171 Ala. 626, 54 So. 549; Birmingham Fuel Co. v. Boshell, 190 Ala. 597, 67 So. 403.

■ Though Haynes continued to have a caretaker for the property and pay the taxes thereon, yet we are not persuaded the character of open adverse possession above outlined continued to the time of the King Lumber Company's attachment, and we would be unwilling to rest an affirmance of the decree upon the doctrine of constructive notice, for it is well understood that a prior possession, which has terminated before the second purchaser's rights are acquired, cannot operate as constructive notice to him. Christopher v. Curtis Lumber Co., supra. If, however, such possession is actually known to the second purchaser, this fact, together with other proof, may tend to establish actual knowledge of the antecedent claim. Christopher's Case, supra.

■ We are persuaded the members of the firm of King Lumber Company, or some of them, at least, knew of Haynes' timber operations on this land, and there is to our minds also persuasive proof they knew of the sale by Smith to Haynes. A. B. Smith so testifies positively and unequivocally, and we are impressed with his testimony. He is corroborated by two other witnesses, one of whom at least, so far as the result of this case is concerned, appears to be entirely disinterested. We have not overlooked the testimony to the contrary, largely, and necessarily so, of a negative character, all of which has been read with studious care. But we forego further discussion, and content ourselves with the statement of our conclusion that from a consideration of all the proof respondents had notice as alleged in the bill, and are therefore not entitled to be classed as innocent purchasers.

Counsel for appellant lays some stress upon the refusal of the president of complainant bank to disclose, upon request, what collateral the bank held for the A. B. Smith Lumber Company indebtedness to it. But it appears that, upon resort to the court, the bank was sustained in such refusal, and was acting within its legal rights. The president insists that the members of the firm of King Lumber Company knew of this particular sale and had discussed the same with him. We are of the opinion, therefore, that such refusal can be accorded no such weight upon the issue of fact determined, as contended for by appellants.

■ The proceedings for the enforcement of the vendor's lien is akin to that of the foreclosure of a mortgage. The bill discloses the claimed interest of the King Lumber Company, and contains averments showing said company was not an innocent purchaser. The equity of the bill rested upon the enforcement of the vendor's lien, and the members of the firm of King Lumber Company were proper parties that their interest in the land may be determined and foreclosed in the same proceeding. The demurrer taking the point they were not proper parties was properly overruled. Wells v. American Mortgage Co., 109 Ala. 430, 20 So. 136; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Irwin v. J. S. Reeves & Co., 222 Ala. 647, 133 So. 692; Spear v. Virginia-Carolina Chemical Co., ante, p. 17, 142 So. 33; 11 Ala. & So. Digest, Equity, ☞94, page 269.

We are persuaded the decree is free from error, and it is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.