155 So. 586

## COBB v. STINSON.
### 7 Div. 189.

Supreme Court of Alabama.
June 21, 1934.

Hugb Reed, of Center, for appellant.

F. M. Savage, of Center, for appellee.

GARDNER, Justice.

■ The bill seeks the collection of a debt evidenced by several promissory notes by way of enforcement of a vendor's lien on certain realty therein described, the notes representing the remainder of the purchase money unpaid. The averments of the bill are too meager to meet the requirements of equity pleading. That complainant sold the property to defendant is the only connection he is shown by the bill to have in the transaction.

That complainant was the owner and executed the deed is a matter left to inference. Defendant executed notes for the balance of the purchase price. To whom they were executed is likewise left to be inferred. Had the bill shown the notes were made payable to complainant, doubtless the presumption would have been indulged that they continued as his, and thus the requirements of equity pleading in that regard have been met. Paige v. Broadfoot, 100 Ala. 610, 13 So. 426. But the bill does not so aver, and it is a well-settled rule of equity pleading, often here reiterated, that complainant's title should be stated with sufficient clearness and certainty to enable the court to see clearly he has such a right as warrants its interference. The case of Ezzell v. Richardson, 221 Ala. 346, 128 So. 783, is much in point, and the following authorities are to like effect: Moseley v. Ritter, 224 Ala. 58, 139 So. 94; Hicks v. Biddle, 218 Ala. 2, 117 So. 688; Jackson Realty Co. v. Yeatman, 219 Ala. 3, 121 So. 415; Scott v. Jackson Securities Co., 225 Ala. 90, 142 So. 76; 21 Corpus Juris 397.

Assignments of demurrer 2 and 3 take this specific point, and should have been sustained.

As the cause must be reversed, we need make no specific ruling as to other objections, no brief for appellee here being presented, but will indulge some general observations which may be helpful in the future progress of the case.

As to the matter of description of the real estate, it may be the language of the bill would suffice, though perhaps capable of more accurate statement. Hanvey v. Gaines, 181 Ala. 288, 61 So. 883.

■ The enforcement of the lien, however, is sought upon the property conveyed, and after referring to the realty, with certain rights and water dam, the pleader has added "&c." What this latter has reference to is a matter of conjecture, and defendant insists it may include personal property, and thus disclose a sale of realty and personalty for a gross sum, with no separation of the consideration, thus affording room for the principle that equity will not under such circumstances enforce a vendor's lien. Hanvey v. Gaines, supra; Wilkinson v. Parmer, 82 Ala. 367, 3 So. 4.

But this argument appears to overlook the bill's averment that the lien was expressly reserved in the conveyance, thus disclosing a lien created by contract, and not by implication of law. Brannan v. Adams, 202 Ala. 442, 80 So. 826. As said in Kyle v. Bellenger, 79 Ala. 516: "A lien, thus reserved, is not the vendor's lien arising by implication of law, but is created by, and dependent on contract—a contract that the land shall be charged with a lien until the purchase-money is paid." Such a reserved lien is regarded as partaking of the nature of an equitable mortgage. Brannan v. Adams, supra; King v. City National Bank, 225 Ala. 558, 144 So. 31; 66 Corpus Juris, 1217.

The case of Smith v. Turner, 248 Ky. 116, 58 S.W.(2d) 258, 88 A. L. R. 87, contains an interesting discussion of the question, and numerous authorities are collected in the note, among them some of our own, with appropriate comment, all of which may profitably be consulted.

In any event, however, it would appear complainant knew the property he sold and could more definitely so state, rather than leave such an important matter to conjecture.

■ In answer to another argument by defendant, we may observe the general rule is that permanent improvements placed on real

estate subject to a vendor's lien may be subjected to a sale in the enforcement thereof. 66 Corpus Juris, 1231.

For the error first herein considered, let the decree be reversed and the cause remanded.

Reversed and remanded.

THOMAS, BOULDIN, and FOSTER, JJ., concur.