171 So. 368

# CITY OF EUFAULA v. ALABAMA POWER CO. et al.

## 4 Div. 903.

Supreme Court of Alabama.

Dec. 17, 1936.

Chauncey Sparks and McDowell & McDowell, all of Eufaula, and Martin, Turner & McWhorter and Wm. M. Moloney, all of Birmingham, for appellees.

O. S. Lewis and E. S. Thigpen, both of Dothan, for appellant.

258

GARDNER, Justice.

Following reversal of the cause on former appeal (Alabama Power Co. v. City of Eufaula, 232 Ala. 473, 168 So. 661), complainant's bill was amended to seek the enforcement of a vendor's lien, and as last amended the chancellor sustained a demurrer thereto for want of equity, transferring the cause to the law side of the docket. Section 6492, Code 1923.

■ To review the ruling on such a decree, mandamus in lieu of appeal is the appropriate remedy. Jones v. Wright, 220 Ala. 406, 125 So. 645. The appeal will be dismissed. As to the mandamus proceedings, we have not overlooked the insistence that for matters subsequently occurring and here presented, this remedy for review is also barred. But we pass that question by without determination, for the reason that a consideration of the cause upon the merits settles the entire matter, and with like result.

The argument for appellant indicates a misconception of the holding of this court on former appeal. In the opinion it was stated that complainant sought "to establish and enforce an equitable mortgage," and counsel lay stress upon such state-ment upon the theory that a distinction was here observed between an equitable mortgage and a vendor's lien, and that the enforcement of the latter was the proper remedy. But the opinion enters into no discussion of this distinction.

■ A vendor's lien expressly reserved by the very terms of the contract is not a vendor's lien arising by implication of law, "but is created by, and dependent on contract—a contract that the land shall be charged with a lien until the purchase-money is paid." Kyle v. Bellenger, 79 Ala. 516. "Such a reserved lien is regarded as partaking of the nature of an equitable mortgage." Cobb v. Stinson, 229 Ala. 78, 155 So. 586, 587.

■ The lien sought here to be enforced was expressly reserved in the contract between the parties, and on former appeal the holding was that it was expressly so reserved to protect the stated purchase price of $50,000, and nothing more. That complainant had sought the proper remedy of enforcement of an equitable mortgage was not questioned, but the ruling was rested upon the merits of the cause, which involved a proper construction of the contract of the parties, all substantial elements of which were then before the court. The opinion contains no dictum whatever, and reduced to the last analysis, as we view this appeal, it is in effect but an assault upon the conclusion of the court on former appeal. And in the light of argument of counsel for appellant, we have reread the deed with all attendant contracts and resolutions, all of which were before us on former review. We are still persuaded, however, that the conclusion formerly reached is correct, and that the lien expressly reserved by contract on the real property conveyed was limited by the parties to the $50,000 consideration, as therein expressed (presumably fully paid), and was not intended to embrace the two and one cent per kilowatt hour referred to in the original contract of Foy and Shemwell. Further elaboration is unnecessary.

The whole matter was one of contract, and we consider that a proper interpretation of the contract is set forth in the opinion on former appeal.

■ The question of accounting was evidently considered as a mere incident to the relief sought in the enforcement of the equitable mortgage and dependent

thereon, and the conclusion was that for any breach as to any sum due on account of the two and one cent per kilowatt hour feature of the contract, there was an adequate remedy at law. We think this a correct view also of that question, and that as a bill seeking an accounting alone and independent of any lien feature, it was properly held without equity. Cullmam Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574; Beggs v. Edison Electric Illuminating Company, 96 Ala. 295, 11 So. 381, 38 Am.St.Rep. 94; City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402; Dargin v. Hewlitt, 115 Ala. 510, 22 So. 128; Marx v. Marx, 226 Ala. 684, 148 So. 418; Merchants' National Bank v. Roche, 227 Ala. 639, 151 So. 591; 2 Ala.Digest, Account, pages 56, 57.

The chancellor correctly sustained the demurrer for want of equity, and committed no error in his transfer of the cause to the law side of the docket.

The mandamus is therefore due to be denied, and the appeal dismissed.

Mandamus denied. Appeal dismissed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.