186 So. 734

**CRABTREE v. DAVIS et al.**

**8 Div. 947.**

Supreme Court of Alabama.

Feb. 16, 1939.

Griffin & Ford, of Huntsville, for appellant.

E. H. Parsons and Taylor & Taylor, all of Huntsville, for appellees.

**GARDNER, Justice.**

Complainant Pell Davis filed a statutory bill to quiet title to forty acres of land in Madison County. Among the defendants was Nannie Pearl. Crabtree who filed answer and cross-bill, in which she sought foreclosure of a mortgage on the land executed by one Jacks in 1925. Thereupon Davis, the complainant, answered the cross-bill and set forth the following facts: That in March 1925 one Terry as trustee conveyed to said Jacks this forty acres of land for a consideration of one hundred dollars in cash, and twelve hundred dollars to be paid as follows: one hundred dollars on December 1, 1925, two hundred dollars on December 1, 1926, and nine hundred dollars on December 1, 1927, as evidenced by promissory notes executed by Jacks. In the deed the grantor Terry warranted the title and that the property was free from incumbrance, "excepting the three notes executed by the said J. C. Jacks for which a vendor's lien is hereby retained until said notes and the interest thereon shall be fully paid." This deed was duly recorded March 20, 1925.

Thereafter Jacks executed the mortgage to Victor Crabtree, husband of Nannie Pearl Crabtree, which the latter holds by assignment from the said Victor. This mortgage, which was recorded in April 1925, was to secure an indebtedness of two hundred dollars, and contained the following recital: "This mortgage is subject to vendor's lien upon said land for a part of the purchase price of same."

Jacks defaulted in the note payments next due and surrendered possession to his vendor Terry, who in February 1928 conveyed the same, with warranty of title, to one Ural B. Fowler, and in August 1937 Fowler conveyed, with warranty of title, the property to Pell Davis, the complainant. The notes being in default and unpaid, Davis seeks to have the property sold for the satisfaction of said notes and the enforcement of the lien, and a reference to ascertain the amount due thereon as prayed.

No demurrer or other objection was interposed to any pleadings in the cause, and the evidence fully developed by the parties.

Upon submission for final decree on pleadings and proof, the chancellor granted relief to original complainant Pell Davis, as prayed in his answer and cross-bill, and decreed that Nannie Pearl Crabtree be given the right to exercise her equity of redemption in the property by paying to Davis the amount found to be due on the vendor's lien.

The decree further provided that in the reference the reasonable rental value of the property be ascertained and credited upon the indebtedness from the date possession was obtained by Terry,—complainant and those through whom he claims being treated as mortgagees in possession, and as such accountable for rents.

It appears that Nannie Pearl Crabtree had foreclosed her mortgage and was the purchaser at the sale, thereafter claiming from one Story, then in possession, the rent for that year, which Story now holds. The decree denied said cross-complainant relief as against Story for such rent, as he was not a party to the suit.

This ruling was so manifestly correct as to require no further consideration.

As to the pleadings it is urged that relief could not be granted complainant to the original bill on his answer and cross-bill. It is clear enough this method of pleading was entirely irregular. Instead complainant should have by way of amendment to the original bill set out all the facts and sought relief in that manner, rather than by answer and cross-bill. And doubt-

less this would have been done had any objection been interposed in the court below. But no such objection was made, and the parties proceeded to the trial of the cause on the merits as if all matters of pleading. were entirely regular and proper. The pleading was full and correct in substance, but entirely irregular in form. No one was misled, and all parties acquiesced. Any objection thereto is first presented on this appeal and comes too late.

Proceeding to a trial in the form of the pleadings as thus framed constituted a waiver of the irregularity in regard thereto. American Freehold Land & Mortgage Co. v. Sewell, 92 Ala. 163, 9 So. 143, 13 L.R.A. 299; Gargis v. Fore, 218 Ala. 102, 117 So. 679.

Upon the merits of the case little need be said. Of course upon Jacks' default and surrender of the property to Terry a deed back to Terry should have been executed. Jacks here makes no pretense to any claim of ownership in the property. But Terry evidently was of the opinion he could sell to another and pass a good title, so executed his warranty deed to Fowler, though he was not at the time vested with the legal title. And appellant assumes that Terry had only a vendor's lien, a creature of equity, based on the principle of natural justice that one should not take the land of another without payment of the consideration therefor. Lindsey v. Thornton, 234 Ala. 109, 173 So. 500. And that by conveying the property, and not pressing for the payment of the notes, Terry has waived the vendor's lien, citing Woodall v. Kelly, 85 Ala. 368, 5 So. 164, 7 Am.St.Rep. 57, and 37 Corpus Juris 334. And it is further urged the debt no longer exists, and that this is essential for enforcement of a vendor's lien. Mancill v. Thomas, 216 Ala. 623, 114 So. 223, 224; 66 Corpus Juris 1239.

We by no means intend to indicate a different result would have been reached, even if only a vendor's lien was involved (a question here unnecessary to determine), but we refer to these insistences merely to show the contentions here urged.

But all of this is a misconception of the relationship between the parties to this transaction. This is not a lien arising by implication of law, and not therefore a vendor's lien as spoken of by the cited authorities. The lien here enforced was expressly reserved in the deed to Jacks, a lien by contract, and not by implication of law. Such a reserved lien is regarded as partaking of the nature of an equitable mortgage. Cobb v. Stinson, 229 Ala. 78, 155 So. 586; City of Eufaula v. Alabama Power Co., 233 Ala. 257, 171 So. 368; Brannan v. Adams, 202 Ala. 442, 80 So. 826, 827. This Court has held that such a contract lien is really a mortgage, and governed by the same rules and to be foreclosed as such. Hall v. M. & M. R. R. Co., 58 Ala. 10; Brannan v. Adams, supra. This is the generally accepted rule.

In 3 Pom.Eq.Jur., section 1257, the author, speaking of such a reserved lien, states that "it is in all essential elements a mortgage." See, also, Honaker v. Jones, 102 Tex. 132, 113 S.W. 748.

It therefore appears that Terry's position was that of mortgagee when he sold the property with warranty of title to Fowler.

"It is well settled in this jurisdiction that where a mortgagee sells and conveys the mortgaged property, that such sale and conveyance passes to the vendee all the right and title, legal and equitable, of the mortgagee, including the mortgage debt." First National Bank v. Haynes, 236 Ala. 133, 181 So. 495, 497.

When, therefore, Terry sold to Fowler, the latter acquired the right to foreclose the mortgage, and this right passed to Pell Davis under the conveyance of Fowler to Davis. The decree of the chancellor in effect is a decree of foreclosure of this mortgage. The mortgage was based upon a valuable consideration evidenced by notes which are yet unpaid. There is no question of a waiver of a vendor's lien involved, but the simple question of the foreclosure of a mortgage for a debt admittedly due and unpaid, as testified to by Jacks.

True, as argued by appellant, Terry sold to Fowler who paid him the purchase money, and likewise Davis paid to Fowler. But these grantors conveyed by warranty deed, and their deeds failed to pass the legal title. Davis has the property and holds as assignee, as it were, of the mortgagee, but has not the legal title. No one of course has paid Davis who now has the right to foreclose the mortgage and perfect his title subject of course to any redemption rights.

There is here no question of innocent purchaser. Not only was the deed containing the reserved lien on record, but cross-complainant's mortgage expressly

recognized that it was subordinate to any such lien, and this the parties fully understood. But we forego further discussion.

We are of the opinion the chancellor correctly decreed, and his decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.